Inez CHAVEZ, Mary Nora Sanchez, Juanita Jaramillo, Manuel and Virginia Valdez, Individually and on behalf of all other persons similarly situated, Plaintiffs-Appellants,

v.

The CITY OF SANTA FE HOUSING AUTHORITY and Emilia M. Martinez, Director of the Santa Fe Housing Authority, Defendants-Appellees.

No. 77–1307.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 25, 1979.

Decided Sept. 24, 1979.

James A. Burke, Las Vegas, N.M., for plaintiffs-appellants.

David R. Sierra, Santa Fe, N.M., for defendants-appellees.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Plaintiffs brought suit against the City of Santa Fe Housing Authority and its director, Emilia Martinez, alleging that defendants illegally assessed them and similarly situated low income tenants for damage to their apartment units. Plaintiffs' amended complaint alleges that such assessment practices violate the United States Housing Act of 1937 as amended,[1] regulations promulgated under the Act, and due process of law. Plaintiffs seek review of the trial court's order, entered pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing their complaint without prejudice. The trial court ruled, without elaboration, that the assessments made by defendants did not implicate property rights to which due process protections apply.[2]

■ A threshold question is whether the trial court's order constituted a final judgment. Although no order formally dismissing plaintiffs' action was entered, under the circumstances of this case that was not required. The trial court dismissed the complaint on the ground that plaintiffs had no cognizable property interest that would engage due process protections. It is clear that plaintiffs could not have amended their complaint to assert a due process claim the court would have found acceptable. The court's order was therefore final. *See Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979).

■ In reviewing a Rule 12(b)(6) order of dismissal, we must accept as true the material factual allegations made by plaintiffs. *See, e. g., Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Walker v. Pacific Basin Trading Co.*, 536 F.2d 344, 346 (10th Cir. 1976). Pursuant to 42 U.S.C. § 1983,[3] plaintiffs have alleged that

---

1. 42 U.S.C. §§ 1437–1437j (1976).

2. The court in an earlier order dismissed the Housing Authority from the lawsuit, holding it "not subject to liability under Section 1983." Record, vol. 1, at 81. Although its propriety is doubtful in light of *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), that order was not assigned as error on appeal.

3. The defendants concentrate most of their attention on § 1983 jurisdictional concerns. We find their arguments unconvincing. To the extent defendants' contentions center on *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), they have been undermined by *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendants also argue that the allegedly proprietary nature of the governmental activity in this case prevents the Housing Authority's actions from being conducted under "color of state law" for purposes of § 1983. This argument also fails. The arguably proprietary nature of the governmental function in *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), did not insulate the municipal utility from a § 1983 complaint. Furthermore, other circuits have found jurisdiction in § 1983 cases involving similar housing authority issues. *E. g., Caulder v. Durham Hous. Auth.*, 433 F.2d 998 (4th Cir.1970), *cert. denied*, 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971); *Escalera v. New York City Hous. Auth.*, 425 F.2d 853 (2d Cir.), *cert. denied*, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970).

the Housing Authority made assessments for damages to tenants' apartment units without any finding of fault on the tenants' part, without providing notice of the grounds for assessment, and without giving notice of the opportunity to challenge the assessments. Plaintiffs contend that these activities violated procedural due process. It is clear that adequate notice of an opportunity to contest deprivations of property is required by the Constitution. *See, e. g., Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 13–15, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). Less clear is whether plaintiffs possessed property interests that were affected by the alleged procedures.

Property interests protected by the Fourteenth Amendment "are not limited by a few rigid, technical forms. Rather, 'property' denotes a broad range of interests that are secured by 'existing rules or understandings.'" *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). The securing "rules or understandings" are not found in the Constitution; they must stem from an independent source, such as state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). For a benefit to be a protected interest, the beneficiaries must have a "legitimate claim of entitlement" to its continuance. *Id.*

In light of the authorities just referred to, we believe the narrow issue before us may be phrased as follows: Do tenants of the Santa Fe Housing Authority have a legitimate claim that they should continue to receive the benefits of low cost housing without unwarranted assessments for damages to their apartment units? We believe that the tenants have such a claim. It is grounded in the standard lease provision allowing damage assessments only when the tenant has been at fault.[4] By including this provision in its standard lease, the Housing Authority has indicated that assessments will be made only for cause. Tenants are thus entitled to expect continued enjoyment of low cost housing benefits without unwarranted assessments. This expectation is sufficient to implicate due process protections. *See* Note, *Procedural Due Process in Government-Subsidized Housing*, 86 Harv.L.Rev. 880, 896 (1973).[5]

We express no opinion on the merits of plaintiffs' due process claims. The merits may be tested in further proceedings. We merely hold that plaintiffs' complaint should not have been dismissed for failure to state a claim.

---

4. Attached to plaintiffs' initial complaint was a copy of a standard dwelling lease employed by the Santa Fe Housing Authority. The lease provides, in relevant part:

> Except for normal wear and tear, Tenant agrees to pay reasonable charges for repair of intentional or negligent damage to the leased premises or project caused by Tenant, his family, or dependents.

Record, vol. 1, at 24.

5. Other courts have reached the same conclusion in cases dealing with rent increases, eviction, or repair assessments. *E. g., Burr v. New Rochelle Mun. Hous. Auth.*, 479 F.2d 1165 (2d Cir.1973); *Caulder v. Durham Hous. Auth.*, 433 F.2d 998 (4th Cir.1970), *cert. denied*, 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971); *Escalera v. New York City Hous. Auth.*, 425 F.2d 853 (2d Cir.), *cert. denied*, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970).