## 59138. GRANT v. HOUSING AUTHORITY OF SAVANNAH.
## 59168. PINKNEY v. HOUSING AUTHORITY OF SAVANNAH.

McMURRAY, Presiding Judge.

Both of these dispossessory proceedings are predicated on the failure of a tenant of the Housing Authority of Savannah to pay her rent. In each case one or more dispossessory warrant proceedings were instituted against the tenant in the twelve months preceding the dates upon which the cases sub judice were initiated.

Formerly, it was in the discretion of each housing project manager whether or not to accept the late payment of rent after a dispossessory warrant was issued, and the late tender of a tenant's rent was often accepted even when the tenant had received two or more dispossessory warrants within the preceding twelve months. Recently, however, plaintiff Housing Authority of Savannah adopted a policy and procedure whereby it refused to accept the rent tendered by any tenant after issuance of a dispossessory warrant if that tenant had received a prior dispossessory warrant within the preceding twelve months.

In both cases defendants filed their answers, and the cases were tried before the court without a jury. Judgment was entered in each of the cases in favor of the plaintiff Housing Authority of Savannah, and against the respective tenant in the amount of the rent and other charges due; and a writ of possession was granted.

The tenants appeal contending that the change of policy in regard to accepting late payment of rent after a dispossessory warrant was issued and where a prior dispossessory warrant had been issued within the preceding twelve months was in violation of the regulations set forth in 24 CFR (Code of Federal Regulations) § 866 which were binding upon the plaintiff Housing Authority of Savannah. The tenants contend that under this regulation any such change of policy and procedure could only have been proper if implemented after 30 days' notice to them, with an opportunity to comment, and that any change of policy should have been

incorporated in their lease and posted at the project. *Held:*

The issues raised by the tenant's contentions on each of these appeals have recently been decided adversely to them by this court's decision in *Baker v. Housing Authority of Savannah,* 152 Ga. App. 64 (6, 7). These changes did not involve the lease by and between the parties, and in *Baker v. Housing Authority of Savannah,* supra, it was held that such change in policy was not such a rule or regulation as needed comment from the tenants, and did not involve changes in the lease; hence did not amount to defenses to eviction for nonpayment of rent. The holding in the *Baker* case clearly indicates that the change of policy challenged in the cases sub judice is outside the purview of 24 CFR § 866.

*Judgments affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 14, 1980 —

*Brian Rogal,* for appellants.
*Malberry Smith, Jr.,* for appellee.