Christine A. McGHEE, Plaintiff,

v.

HOUSING AUTHORITY OF the CITY OF LANETT; et al., Defendants.

Civ. A. No. 81–47–E.

United States District Court,
M. D. Alabama, E. D.

May 25, 1982.

Richard Briles Moriarty, Peter H. Martin, Donna E. Henderson, Legal Services Corp. of Alabama, Opelika, Ala., for plaintiff.

John W. Johnson, Jr. and James H. Caldwell, Lanett, Ala., W. F. Horsley, Samford, Denson, Horsley, Pettey, Martin & Barrett, Opelika, Ala., for defendants.

## OPINION

VARNER, Chief Judge.

This cause is now submitted to the Court on Defendants' motion to dismiss filed herein September 15, 1981, for failure to state a claim and for lack of jurisdiction.

LACK OF JURISDICTION. In the motion to dismiss for lack of jurisdiction, De-

fendants argue that the jurisdictional requirements are not satisfied in this action because there is no implied private right of action under 42 U.S.C. § 1437a [The Brooke Amendment]. This Court disagrees and finds that this Court has jurisdiction over this cause of action.

■ There is no question that Plaintiff claims that her rights under 42 U.S.C. § 1437a have been violated in that Defendants allegedly set Plaintiff's rent payments in excess of "one-fourth of the family's income * * *." In addition, Plaintiff's complaint asks for relief under 42 U.S.C. § 1983. On oral arguments, Plaintiff asserted that the complaint stated a § 1983 claim for violation of the Brooke Amendment, 42 U.S.C. § 1437a. This appears to be true. There is clearly authority for such an action in the United States Supreme Court's decision in *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). After *Thiboutot*, it is clear that "Title 42 U.S.C. § 1983 * * * encompasses claims based on purely statutory violations of federal law * * *." *Maine v. Thiboutot*, supra, at 1, 100 S.Ct., at 2502, 65 L.Ed.2d 555. Title 28, U.S.C., § 1331—the federal question jurisdictional provision—was amended on December 1, 1980, to delete the $10,000.00 amount in controversy provision. Therefore, this Court has jurisdiction over any alleged § 1983 claim for violation of 42 U.S.C. § 1437a.

■ There is, however, another equally valid basis upon which the jurisdiction of this Court rests. The enactment of the Brooke Amendment, 42 U.S.C. § 1437a, seems to have vested in public housing tenants a property right to public housing at the rental rate of one-fourth of a family's income. This conclusion is supported by decisions of the United States Supreme Court, as well as by other appellate courts.

"Property interests protected by the Fourteenth Amendment 'are not limited by a few rigid, technical forms. Rather, "property" denotes a broad range of interests that are secured by "existing rules or understandings".' *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). The securing 'rules or understandings' are not found in the Constitution; they must stem from an independent source, such as state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). For a benefit to be a protected interest, the beneficiaries must have a 'legitimate claim of entitlement' to its continuance. *Id.*" *Chavez v. City of Santa Fe Housing Authority*, 606 F.2d 282, 284 (10th Cir. 1979).

Based on the above-quoted language and on the clear analogy to the holding in *Chavez*, it seems likely that tenants of a public housing authority have a "legitimate claim" that they should receive the benefits of low-cost housing at the rental rate prescribed by Congress. Accordingly, due process protections are "implicated" such that a denial of those protections could give rise to a § 1983 claim that Plaintiff was deprived of her Fourteenth Amendment rights. *Chavez*, supra, at 284. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1343(3) over a § 1983 action to redress the deprivation of the constitutional right to due process. *Escalera v. New York City Housing Authority*, 425 F.2d 853, 864 (2nd Cir. 1970).

■ FAILURE TO STATE A CLAIM. Defendants' motion to dismiss also states that there is no private right of action under 42 U.S.C. § 1437a [The Brooke Amendment] and that, therefore, the Plaintiff's complaint fails to state a claim upon which relief can be granted. This Court agrees with Defendants and has decided to dismiss the complaint to the extent that it attempts to state a private cause of action under The Brooke Amendment.

The most recent decisions of the United States Supreme Court and of the United States Court of Appeals for the Fifth Circuit make it clear that a determination of the propriety of implying a private cause of action in a statute is no longer governed by strict adherence to the Supreme Court's four-factor test enunciated in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26

(1975). *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); *Noe v. Metropolitan Atlanta Rapid Transit Authority*, 644 F.2d 434, 436–437 (5th Cir. Unit B, 1981). The Court's responsibility in cases of this nature is "limited solely to determining whether Congress intended to create the private cause of action being asserted in * * * [the] case." *Noe*, supra, at 436. The Fifth Circuit Court of Appeals has interpreted the line of cases beginning with *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82, and ending most recently with *Transamerica Mortgage Advisors v. Lewis*, supra, as constituting a departure from the *Cort v. Ash*, supra, rule that, when "it is clear that federal law has granted a class of persons certain rights, it is not necessary to show an intention to create a private cause of action." *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). According to the Fifth Circuit Court of Appeals, that statement is no longer the law. *Noe*, supra, at 437. Congressional intention to create such a cause of action is then a prerequisite to a Court's implication of a private action.

The Supreme Court has provided guidance as to how the existence of such an action can be determined. In *Transamerica Mortgage Advisors v. Lewis*, supra, at 18, 100 S.Ct., at 246, the Court indicates that such a Congressional intent may be found in the legislative history, "language or structure of the statute, or in the circumstances of its enactment." Plaintiff has not directed this Court to any legislative history of the Brooke Amendment, 42 U.S.C. § 1437a, or of the various housing acts, which would support such an implication, and neither has this Court's research revealed the existence of legislative consideration of a private cause of action in connection with the enactment of Public Law 93–383. 1974 U.S.Code Cong. and Adm.News,

p. 4273. Furthermore, unlike the language of § 215 of the Investment Advisors Act, which was considered in *Lewis*, there is no language in 42 U.S.C. § 1404a through 42 U.S.C. § 1440 which evinces an intent to create a private cause of action.

As for the structure of the statute, there is no scheme in any of the above-referenced Code provisions which appears to be set up for the purpose of enforcing private rights of any kind. See, generally, *Transamerica Mortgage Advisors v. Lewis*, supra, at 20, 100 S.Ct., at 247. While there may be sufficient authority given to the Secretary of Housing and Urban Development to formulate procedures for the airing of grievances by tenants of Public Housing Authorities, this does not in any way affect the determination of whether Congress intended for tenants to further air such grievances through private action in the federal courts. See, 24 C.F.R. 866.50, *et seq.*

The only provision in the Code chapter under consideration which addresses the right of anyone to sue or to be sued is contained in 42 U.S.C. § 1404a. That section gives the United States Housing Authority, or in actuality the Secretary of the Department of Housing and Urban Development, the authority to "sue and be sued * * * with respect to its functions under * * * [42 U.S.C. § 1404a through 1440]."[1] 42 U.S.C. § 1404a. As stated by the Supreme Court in *Lewis*:

"In view of [this] * * * express [provision] for enforcing the duties imposed by * * * [the Code], it is highly improbable that 'Congress absent-mindedly forgot to mention an intended private action.' *Cannon v. University of Chicago*, 441 U.S., at 742 [99 S.Ct., at 1981] (Powell, J. dissenting)." *Transamerica Mortgage Advisors v. Lewis*, supra, at 20, 100 S.Ct., at 247.

Finally, the circumstances of the statute's enactment is a factor the Court must con-

---

1. All references to the United States Housing Authority are to be deemed to mean the Secretary of Housing and Urban Development. See, 42 U.S.C. § 1404a, Historical Note, Transfer of Functions. While this provision may indicate a congressional intent to allow suit against the Secretary of Housing and Urban Development, it cannot be read to be an indication of congressional intent to allow private actions against local public housing authorities.

**610**

sider in deciding questions of this nature. There is no guidance in *Lewis* as to exactly what is meant by the terminology, "circumstances of * * * enactment". However, it is assumed that this related to the reasons for the enactment of the statute or, rather, the policy behind the enactment of the statute. The declaration of policy behind the Housing Act is contained in 42 U.S.C. § 1437. Clearly, though, it cannot be said that an implied private action of the nature sought here is required by the declaration of policy contained in 42 U.S.C. § 1437. Also, to engage in such speculation regarding the consistency of an implied action with the policy behind the statute is to engage in analysis similar to that required by the third *Cort* factor, an analysis which has apparently been repudiated by the Supreme Court and by the Fifth Circuit Court of Appeals. *Transamerica Mortgage Advisors v. Lewis*, supra; *Noe v. Metropolitan Atlanta Rapid Transit Authority*, supra. Cf. *Montgomery Improvement Association v. HUD*, 645 F.2d 291 (5th Cir. 1981).

Construing any attempt to state a private cause of action under the Brooke Amendment, 42 U.S.C. § 1437a, in the light most favorable to Plaintiff and taking such allegations as true, it appears beyond doubt that "plaintiff can prove no set of facts in support of [her] claim which would entitle * * * [her] to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 421, 422, 89 S.Ct. 1843, 1848, 1849, 23 L.Ed.2d 404 (1969); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, an Order will be entered based, on the foregoing Opinion, dismissing any attempt to assert a private cause of action under 42 U.S.C. § 1437a and denying Defendants' motion in all other respects.