BRADLEY, Judge.
This is an appeal from an order of the Montgomery County Circuit Court evicting six tenants of the Housing Authority of the City of Montgomery (MHA) for nonpayment of rent. The dispositive issue is whether the MHA, in changing its no-eviction policy to an eviction policy, gave the tenants adequate notice of the policy change sufficient to satisfy fourteenth amendment due process requirements. For the reasons stated below, we find the MHA violated the tenants’ due process guarantees, and we therefore reverse the judgment of the trial court.
The tenants reside in projects operated by the MHA. The projects are federally subsidized under the United States Housing Act of 1937, 42 U.S.C. § 1437 (1978). Due to its federal subsidy, the MHA is required to abide by the Housing Act and the regulations promulgated thereunder. 42 U.S.C. § 1437d (1978).
The tenants each signed standard lease agreements with the MHA under its 1977 rent collection and eviction policy (the old policy). Under the old policy the MHA was very liberal in accepting late payments from tenants and allowing them to continue in their residence, often even after eviction proceedings had begun.
On April 1, 1983 a. new policy became effective. According to the resolution adopting it, the new policy was in response to a determination by the Department of Housing and Urban Development (HUD) that the MHA was too lenient in its eviction practices. Also, it changed the day on which rent became delinquent from the sixth to the fifteenth to allow tenants dependent on monthly government checks time to receive their checks and pay their rent before becoming subject to the new stricter eviction policy.
Soon after the new policy went into effect, more than one hundred tenants were late in paying rent, and, under the new policy, were sent eviction notices. Only six are involved in this appeal. The trial court issued an eviction order as to the six tenants but, by agreement of all parties, stayed the order pending this appeal.
By various means and within ample time, the MHA sent notices of the new policy to all of the tenants. The cover sheet of the notice provided:
“Effective April 1, 1983, the Montgomery Housing Authority will implement the revised Rent Collection Policy (Copy attached). Non-payment of rent will re- *1099 suit in prompt eviction action, so please adjust your spending habits accordingly. Non-payment of work-out agreements will be treated in the same way as nonpayment of rent.
“Please be mindful that this policy will be strictly enforced and fairly administered. No exceptions can be granted.” (Emphasis in original.)
A two-page sheet was attached. The two pages purported, according to the cover sheet, to enunciate the policy changes.
The project managers received a different copy of the new policy. Their version was ten pages long and set forth a process whereby a tenant, who, through no fault of his own, was unable to pay rent or other charges on time, could obtain an exception to eviction. But the request for the exception had to be made before the rent became due.
The tenants contend that the variance between the notice given them and the new policy as it was to be enacted by the project managers was fatal .in that it did not comply with their fourteenth amendment due process rights. We agree.
Under the regulations involving HUD, public housing agencies are to post their policies. 24 Fed.Reg. 33,403 (1975). The rationale given for this posting procedure is that “[t]he Department [HUD] believes [public housing agencies] should provide thorough, effective distribution of [public housing agency] policies, rules and regulations so that all tenants may have knowledge of their content.” Id.
The MHA gave notice of the change. However, the notice was misleading and, therefore, a violation of the tenants’ due process rights. Tenants of federally subsidized government housing are deemed to have a constitutionally protected interest in their units. See, e.g., Jeffries v. Georgia Residential Finance Authority, 678 F.2d 919 (11th Cir.1982), cert. denied, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); Chavez v. City of Santa Fe Housing Authority, 606 F.2d 282 (10th Cir.1979). Once a property interest arises within the meaning of the due process clause, the fourteenth amendment places certain restraints on governmental action which seeks a deprivation of these interests. Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). When a local federally subsidized housing authority attempts to change from a no-eviction policy to an eviction policy, due process requires that the tenants be given notice of the change. Owens v. Housing Authority, 394 F.Supp. 1267 (D.Conn.1975). Once a property interest arises, and notice of a change must be given, the notice must be adequate. See Burr v. New Rochelle Municipal Housing Authority, 479 F.2d 1165 (2d Cir.1973); Chavez, supra. The Supreme Court has stated that notice, to satisfy due process requirements, “must be of such nature as reasonably to convey the required information.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
The notice given the tenants is fatally defective for several reasons. First, it is defective in that it not only failed to inform the tenants as to how they could obtain an exception to the new eviction policy, but it affirmatively misinformed them that no exceptions could be granted. Second, the tenants’ rights were prejudiced in that they were informed incorrectly that they had no route of redress until the grievance hearing mandated by King v. Homing Authority, 670 F.2d 952 (11th Cir.1982), (which, we note, they were evidently denied); and that under the policy no exceptions could be granted after the day rent was due — too late for the grievance hearing to be of help.
Obviously, the notice given the tenants fails to reasonably convey the required information. Mullane, supra. We, therefore, reverse the judgment of the trial court.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.