FAULKNER, Justice.
Certiorari was granted in this case in order to decide a question of first impression in the appellate courts of Alabama. The issue is whether the Housing Authority of the City of Montgomery (hereinafter “Montgomery Housing Authority” or “MHA”) provided adequate notice, sufficient to satisfy fourteenth amendment due process requirements, to its tenants of the changes in its eviction policy. Holding the notice was sufficient, we reverse.
Pursuant to Rule 39(k), A.R.App.P., MHA presents an additional statement of facts. The respondents contend that MHA did not completely comply with Rule 39(k), and therefore, that its petition for certiora-ri should have been denied. The petitioner did not provide references to page numbers in the record in its statement of additional facts. References to the clerk’s record or reporter’s transcript is required in the petitioner’s additional statement of facts, as well as in the petitioner’s briefs. Rule 28(e) and Rule 39(k), A.R.App.P. Since the rules are to be liberally applied, however, noncompliance should not result in a denial in this case, where the record is short and simple and non-compliance causes no difficulty in understanding the argument. See Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758 (1973).
The six tenants involved in this appeal reside in federally subsidized housing projects operated by MHA. Each tenant signed a standard lease agreement which *1101 incorporated MHA’s 1977 rent collection and eviction policy.
On April 1, 1983, a new policy became effective. Under this new policy the rent became delinquent on the fifteenth day of the month rather than on the sixth day. The new policy was adopted to provide a stricter eviction policy, after a determination by the Department of Housing and Urban Development that MHA was too lenient in its eviction practices.
MHA sent a two-page notice of the new policy to all of the tenants and a ten-page notice to the project managers. The contents of the cover sheet of the notice, along with additional facts, may be found in the Court of Civil Appeals’ opinion in Jones v. Housing Authority of Montgomery, 495 So.2d 1097 (Ala.Civ.App.1985).
The Court of Civil Appeals held that the notice given to the tenants violated their due process rights because the notice did not convey adequate information. We do not agree.
In Grant v. Housing Authority of Savannah, 153 Ga.App. 482, 265 S.E.2d 834 (1980), dispossessory proceedings were brought against tenants for failure to pay rent. In the past, the housing project manager had had the discretion to decide whether to accept late payment of rent after a dispossessory warrant was issued, and the late rent was often accepted, even after the tenant had received two or more dispossessory warrants within the preceding twelve months. The Housing Authority of Savannah adopted a new policy whereby it refused to accept rent tendered by a tenant after the issuance of a dispos-sessory warrant if that tenant had received a prior warrant within the preceding twelve months. The Court of Appeals of Georgia held that these changes did not involve changes in the lease requiring notice to the tenants of changes in policy and procedure under 24 C.F.R. § 866, and, therefore, that the lack of notice was not a sufficient defense to eviction for nonpayment of rent.
In the instant case, the tenants received notice of the new policy: “nonpayment of rent will result in prompt eviction.” A provision in the policy allowed an “exception” to be granted if the tenant requested one before the delinquent rental due date (the fifteenth of the month). The “exception” allowed tenants to enter a “Rent Payment Schedule Agreement” whereby delinquent rent would be paid by a specific date. None of the tenants involved in this appeal requested an “exception,” or even approached MHA before the fifteenth of the month concerning their inability to pay the rent on time. They simply did not pay. After receiving a “lease termination notice,” they contacted MHA. The Court of Civil Appeals found that the tenants were not given notice of the “exception” provision in the new policy. However, even under the old policy tenants could obtain a similar exception if it was requested before the rental due date.
The Court of Civil Appeals also found that the tenants were informed that they had no route of redress until a grievance hearing was held. The court stated that this hearing would be of no help to tenants after the rental due date. This holding is not supported by the record. Four tenants, not involved in this appeal, requested and were given informal grievance hearings. The trial court found that none of the six tenants involved in this appeal requested a grievance hearing.
The only changes in policy involved rent collection and eviction and these were addressed in the notice to the tenants. The tenants were not informed that they had no right to a grievance proceeding.
The notice informed tenants that if rent was not paid they would be evicted and that no exceptions to that rule would be granted. Even though a copy outlining the procedure for obtaining an “exception” (i.e., the procedure for entering a “Rent Payment Schedule Agreement”) was not sent to the tenants, but only to the project managers, the tenants were not misinformed. This procedure was not changed in the shift from the old policy to the new policy. Even if it had been changed, it would be difficult for us to see how the six *1102 tenants involved in this appeal could complain on that basis. They did not pay rent by the fifteenth of the month and made no effort to explain or remedy their actions until after the fifteenth. It appears that these tenants, like those in Grant, supra, felt they would not be evicted because they had not been evicted in the past. Yet, here the tenants received notice of a stricter eviction policy.
We find that the notice given to the tenants complies with due process requirements; therefore, the judgment of the Court of Civil Appeals is reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ. concur.