BRADLEY, Judge.
This is an appeal from an order of eviction for nonpayment of rent in favor of the Housing Authority of the City of Montgomery (MHA).
On appeal to this court in May 1985, the evicted tenants presented several issues for our review. One of the issues raised was that the MHA’s eviction notification policy was violative of their due process rights as guaranteed by the fourteenth amendment. On May 29, 1985 we concluded that the MHA had violated the tenants’ due process guarantees, and we therefore reversed the decision of the trial court. See, Jones v. Housing Authority, 495 So.2d 1097 (Ala.Civ.App.1985). Having so concluded, we found it unnecessary to address the additional issues raised by the evicted tenants.
After review by certiorari, the Alabama Supreme Court, 495 So.2d 1100 (Ala.1986), reversed our decision and remanded the case to us for further proceedings.
On remand the tenants seek consideration of the issues which were previously raised but left unaddressed. Since the pertinent facts of this case are set forth in Jones v. Housing Authority, supra, we deem it unnecessary to state them again.
The tenants argue that the trial court erred by not granting them equitable relief against the forfeiture of their lease. They argue that lease provisions allowing forfeiture for nonpayment of rent are disfavored, and that equitable relief to avoid such forfeiture should have been granted to them because they were willing and able to fully compensate the MHA, by payment of rent, after notification of forfeiture.
*1104 While it is true that equity will relieve against the forfeiture for nonpayment of rent, a forfeiture for a delayed payment of rent can be enforced where notice has been given to the tenant to comply with the strict terms of the lease. Humphrey v. Humphrey, 254 Ala. 395, 48 So.2d 424 (1950). Such notice was given in this case. Therefore, based upon the supreme court’s decision that the notification to these tenants of the possibility of eviction due to delinquent rent payments was sufficient, we affirm the decision of the trial court denying these tenants equitable relief.
The tenants’ final contention is that the trial court erred by finding that the MHA’s new eviction policy was not violative of the federal law and the tenants’ lease agreements. In particular, they argue that the MHA’s new policy violates 24 C.F.R. § 966.4(0(1) (1984) and 24 C.F.R. § 966.5 (1984).
Twenty-four C.F.R. § 966.4(Z)(1) (1984) provides, in pertinent part, that a housing authority may not terminate or refuse to renew a lease “other than for serious or repeated violation of material terms of the lease such as failure to make payments due under the lease.”
The tenants argue that the use of the plural form of payment in the regulation, i.e. “payments,” mandates the conclusion that there must be two or more rent payments due before the lease may be terminated. However, no authority was cited to support this contention. Furthermore, noting that the singular form of “violation” is utilized in the regulation, we opine that nothing in the regulation prohibits the eviction of a tenant for the failure to make one payment of rent.
Additionally, the tenants contend that the trial court erred by not finding that the MHA’s rent collection policy was not a rule or regulation which is required to be incorporated by reference into the lease pursuant to 24 C.F.R. § 966.5 (1984). We disagree.
Twenty-four C.F.R. § 966.5 mandates that modifications to schedules of special charges for services, repairs, and utilities, and regulations which are required to be incorporated into the lease by reference require notification to tenants. Clearly, rent collection does not fall within the category of schedules of special charges for services, repairs, and utilities. Thus, the question remaining is whether rent collection policies fall within the ambit of regulations required to be incorporated in the lease.
Twenty-four C.F.R. § 966.4(f)(4) (1984) states that the lease shall provide, and the tenant shall abide by, necessary and reasonable regulations promulgated by the housing authority for the benefit of the project. These regulations are to be incorporated by reference in the lease. There is nothing in this regulation that requires procedures regarding rent collection to be incorporated by reference into the lease. Nor have we been able to find any case law construing this section. However, in Grant v. Housing Authority, 153 Ga.App. 482, 265 S.E.2d 834 (1980), the Court of Appeals of Georgia, construing the requirements of 24 C.F.R. § 866 (1984), held that a new policy concerning rent collection did not involve changes in the lease requiring notice to the tenants of the changes in policy and procedure. Thus, we are unable to find any error in the trial court’s conclusion that the rent collection policy was not in violation of 24 C.F.R. § 966.5 (1984).
AFFIRMED ON REMAND.
WRIGHT, P.J., and HOLMES, J., concur.