Jean WEATHERHEAD; Lowell Palmquist; LeEtta Palmquist; Gregory Wilson; and Dianne Wilson; for themselves and all others similarly situated, Plaintiffs–Appellants,

v.

GLOBE INTERNATIONAL, INC., d/b/a Midnight Globe; John Elder; Paul Dougherty; Jenny Kerr; and, David Ragan, Defendants–Appellees.

No. 86–1441.

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1987.

Fred W. Phelps, Jr., Brent D. Roper of Phelps–Chartered, Topeka, Kan., for plaintiffs-appellants.

Paul M. Levy, Scott B. Greene of Deutsch, Levy & Engel, Chartered, Chicago, Ill., for defendants-appellees.

Before BARRETT, SEYMOUR and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause therefore is ordered submitted without oral argument.

On or about December 4, 1979, the Midnight Globe, a weekly newspaper, published an article entitled America's Dog "Death Camps." The article discussed dog breeding farms, and alleged that certain farms raised the dogs under inhumane conditions. To illustrate that point, it provided a general description of the cruel methods of raising puppies in an unnamed USDA-licensed puppy farm in Earlington, Kansas, a fictitious town.

Plaintiffs-appellants commenced a defamation suit against the newspaper and three of its employees. In their complaint, appellants alleged that they were defamed because the "false and defamatory words reflect to all reasonable readers as a rational conclusion that each member of [appellants'] class is logically identified and hence each member of said class has a cause of action against defendants...." Rec. vol. I, pleading 1 at 7. On this basis, appellants contended that the defamation was business libel *per se. Id.*

On October 21, 1985, defendants-appellees filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). On February 13, 1986, the trial court granted the motion to dismiss on the ground that the plaintiffs failed to state a claim of group defamation upon which relief could be granted because of the large size of the complainant group and the fact that the article did not adequately identify any of the complainants. Rec. vol. II, pleading 69 at 6.

Appellants appeal the judgment of dismissal on several grounds, claiming that the trial court erred: (1) in granting the individually-named defendants' motion to dismiss when personal jurisdiction existed over those defendants; (2) in granting individually-named defendants' motion to dismiss when service of process was adequate; (3) in granting defendants' motion to dismiss for failure to state a claim on the ground that appellants were not entitled to proceed on the theory of group defamation and were insufficiently identified in the article; (4) in considering the motion to dismiss on the ground that it was not timely filed; and (5) in denying appellants' motion for recusal. We affirm.

Appellants filed motions to recuse the trial judge pursuant to 28 U.S.C. §§ 144 and 455. The district court reviewed the motions and the supporting affidavits, and found no basis upon which to grant the motion. Because the decision to recuse is within the sound discretion of the district judge, this court reviews the denial of a motion to recuse only for abuse of discretion. *Hinman v. Rogers,* 831 F.2d 937, 938 (10th Cir.1987) (citing *Varela v. Jones,* 746 F.2d 1413, 1416–17 (10th Cir. 1984)):

■ Appellants assert that the trial court erred by denying the motion, on the ground that the judge ruled as a matter of law that he was not obliged to accept the truth of the affidavits. Appellants' argument is specious for two reasons. First, appellants confuse the standards presented under 28 U.S.C. §§ 144 and 455. Under § 144, the judge cannot assess the truth of the facts alleged. *Id.* at 939. The affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. *Id.* (citations omitted). Under § 455, however, the "test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 939 (citations omitted). Allegations under this section need not be taken as true. *Id.* (citations omitted).

Second, the judge apparently based his decision to deny the motion to recuse on the appropriate standards. He denied the motion for the following reasons: (1) the appellants' affidavits did not allege personal knowledge of bias and prejudice on the

part of the judge, and, consequently, were insufficient to warrant recusal; (2) bias against counsel does not supply grounds for recusal; (3) the affidavits were untimely, nonspecific and would not cause a reasonable person to question the judge's impartiality in light of all relevant facts and circumstances; and (4) not only was there no legitimate practical reason for recusal, but it would "foster an abuse of the judicial process." Rec. vol. II, pleading 68 at 3, 4. The judge also extensively analyzed the applicable case law. *Id.* We conclude that the trial judge did not abuse his discretion in denying the motion to recuse.

■ In addition, appellants argue that the motion to dismiss was not timely filed. Pursuant to Fed.R.Civ.P. 12(h)(2), a motion to dismiss may be "made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." In other words, a defense of dismissal is waived only when presented after trial. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1392 (1969). Because this defense was not waived, the trial court correctly addressed the motion to dismiss.

Appellants also assert that the trial judge erred in granting the motion to dismiss. This court conducts *de novo* review of a grant of a motion to dismiss. *See* Fed.R.Civ.P. 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); Report of Proposed Amendments to Rules of Civil Procedure for the District Courts of the United States, 5 F.R.D. 433, 442 (1946). In considering a motion to dismiss for failure to state a claim, the appellate court should assume all facts alleged in the complaint are true and should indulge all reasonable inferences in favor of the plaintiffs. *See Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1431 (10th Cir.1984); *Chavez v. City of Santa Fe Housing Authority,* 606 F.2d 282, 283 (10th Cir.1979). A trial court should not dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

*Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The question is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686.

■ To determine whether the complaint states a claim upon which relief can be granted, this court must examine the complaint in light of the substantive law of Kansas because this case arises under diversity jurisdiction. 28 U.S.C. § 1332; *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Kansas courts, however, apparently have not addressed the issue of group libel. Consequently, the district court applied the well-settled law of group libel from other jurisdictions. *See* rec. vol. II, pleading 69. Because the view of a resident district judge on unsettled law of his state is persuasive and ordinarily accepted, this court may defer to the district court's application of state law unless it is clearly erroneous. *See Carter v. City of Salina,* 773 F.2d 251, 254 (10th Cir.1985); *Loveridge v. Dreagoux,* 678 F.2d 870, 877 (10th Cir.1982).

■ Under group libel, "if ... the statement concerns a group sufficiently large that it cannot reasonably be understood to apply to plaintiff particularly, it is not actionable in the absence of content or circumstances reasonably specifying the plaintiff individually." 2 F. Harper, F. James & O. Gray, The Law of Torts § 5.7 (2d ed. 1986). To succeed in a group libel claim, the plaintiff must prove that "(a) the group or class is so small that the matter can reasonably be understood to refer to the member, or (b) the circumstances of publication reasonably give rise to the conclusion that there is particular reference to the member." Restatement (Second) of Torts § 564A (1977). Applying the theory of group libel, the trial judge determined that, as a matter of law, the complaint did not state a claim upon which relief could be granted. Rec. vol. II, pleading 69. Specifically, the court recognized that the claimant group of 955 was too large to afford relief and could not be denominated in a smaller subset of the large group of claim-

ants because the smaller group could not be identified by the text of the article. *Id.* at 6–8.

After reviewing the complaint in the light most favorable to the nonmovant, this court concludes that the judgment of dismissal was appropriate because the complaint failed to state a claim upon which relief could have been granted. Because this issue is dispositive, we need not address the remaining claims.

AFFIRMED.