RICHARD L. HOLMES, Retired Appellate Judge.
This is an eviction case.
Jeanette Woods has been a tenant with the Greater Gadsden Housing Authority (Housing Authority), a public housing authority, for six years. The lease which Woods signed with the Housing Authority provided that the rent was due on the first of the month and delinquent after the fifth of the month.
The record reveals that the tenants were allowed to pay rent before the tenth of the month without actually being considered late and having to pay late fees. Additionally, the tenants were allowed to pay rent after *978 the tenth of the month three times during a calendar year.
Each time a tenant pays late (after the tenth of the month), he is counselled, and a “collection policy counselling sheet” is sent to the tenant. This “collection policy counsel-ling sheet” advises the tenant that he is given only three times to pay late in a calendar year and indicates how many late payments have been received in the particular calendar year. This “collection policy counselling sheet” advises the tenant that the fourth time in a calendar year that the rent is late, he will be automatically evicted.
During the calendar year of 1993, Woods paid her rent after the tenth of the month in February, April, and May. She was coun-selled each time and received the “collection policy counselling sheet.” When Woods failed to pay her rent for July by the tenth of the month, the Housing Authority sent her a “demand for possession,” dated July 21,1993, requesting that she deliver possession of the premises within 10 days from the date of the notice.
When Woods failed to deliver possession of the premises, the Housing Authority filed a “notice of eviction action” in the district court. Woods filed a counter affidavit, and a hearing was held. The district court rendered a judgment in favor of the Housing Authority.
Woods appealed to the circuit court. After an ore tenus hearing, the circuit court rendered a judgment in favor of the Housing Authority.
Woods appeals. We affirm.
On appeal Woods contends that if income is not actually received by a family living in public housing, it cannot be considered in computing the rent to be paid by the family for the public housing and that her failure to make timely payments of rent which, she says, had been incorrectly calculated does not constitute good cause for eviction.
It is well settled that when a trial court enters an order following an ore tenus hearing, its judgment is presumed to be correct. Moore v. Williams, 519 So.2d 1337 (Ala.1988). The judgment of the trial court will be reversed only if it appears, after consideration of the evidence and all reasonable inferences to be drawn therefrom, that the judgment is plainly and palpably wrong. Moore, 519 So.2d 1337.
Our review of the record reveals that during the course of the hearing before the circuit court, Woods failed to raise the issue that her income was incorrectly calculated at the annual re-examination of income. It is well settled that this court will not consider issues which were not raised at the trial level. Wood v. Wood, 600 So.2d 282 (Ala.Civ.App.1992).
Further, our review of the record reveals that the rent to be paid for public housing is based upon the income of the particular family. Pursuant to the HUD regulations, the Housing Authority estimates the anticipated income for a 12-month period to determine the tenant’s rent for the coming year. If there is a change in income, the tenant is required to report that change to the Housing Authority in writing so that the rent can be adjusted accordingly.
In the present case all of the income received by Woods is from child support paid by the fathers of her three minor children. Her anticipated monthly income is $350 and is broken down in the following manner: The father of her oldest child is in the Navy, and she receives $150 per month from the Navy. The father of her middle child pays $100 per month through the Department of Human Resources (DHR). The father of her youngest child pays support directly to her at $25 per week, or $100 per month.
The housing director for the Housing Authority testified at the hearing that a tenant could receive a reduction in rent if child support is not being received, if the tenant is pursuing the matter, and if verification of those facts is provided to the Housing Authority.
Woods testified that she was late with her rent in February, April, May, and July because the child support payments were late or were not received in those months. However, we note that Woods testified that she did not explain to the Housing Authority the *979 reasons why she was late in paying her rent, even though she knew she had an obligation under her lease to report the fact that certain income was not being received.
This court has previously stated in Jones v. Housing Authority of Montgomery, 495 So.2d 1103 (Ala.Civ.App.1986), that there is nothing in the regulations to prohibit the Housing Authority from evicting a tenant for the failure to make one rent payment.
In light of the above, we cannot say that the trial court erred when it found in favor of the Housing Authority.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.