Candace POTTS, Plaintiff,

v.

The BOEING COMPANY, Defendant.

No. 94–1311–MLB.

United States District Court, D. Kansas.

June 21, 1995.

Michael L. Snider, Snider & Seiwert, Wichita, KS, Roger G. Brown, Renee Terese Duffield, Keith Wayne Brunstrom, Roger G. Brown & Associates, Jefferson City, MO, for plaintiff.

Gloria G. Flentje, Gaye B. Tibbets, Kelly W. Milligan, Foulston & Siefkin, Wichita, KS, for defendant.

## ORDER

REID, United States Magistrate Judge.

On May 5, 1995, plaintiff filed a motion for leave to file her first amended complaint (Doc. 33). A response was filed on May 19, 1995 (Doc. 37). No reply brief was filed.

Defendant objects to the proposed amendment for two reasons: (1) the motion is untimely, and (2) plaintiff seeks to add a Title VII sexual harassment claim which is futile. Plaintiff, inexplicably, has failed to respond to either of those arguments, and neither one is addressed in her motion. Counsel should be aware that the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991). Therefore, if defendant's uncontested arguments, on their face, appear to be valid, the court will deny the motion.

Defendant's first argument is that the motion is untimely. The scheduling order in this case provided that all motions to amend be filed on or before April 12, 1995. This motion was filed on May 5, 1995. Plaintiff provides absolutely no explanation for their failure to file it in a timely manner, and failed to ask for additional time to file their motion. Defendant's response demonstrates that plaintiff was aware of the information which provides the basis for the additional claim of

sexual harassment well before the April 12, 1995 deadline.

▇▇ Even under the liberal standards for allowing amendments, untimeliness alone may be a sufficient basis for denial of leave to amend; prejudice to the opposing party need not also be shown. *Durham v. Xerox Corp.*, 18 F.3d 836, 840–41 (10th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 80, 130 L.Ed.2d 33 (1994); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990); *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir.1987). Courts look to the reasons for the delay and the presence or absence of excusable neglect. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). Leave to amend may be denied where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend. *Id.* Stated another way, where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial. *See Woolsey,* 934 F.2d at 1462; *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984).

Based on the uncontested allegations set forth by defendant, plaintiff was well aware of the facts upon which the amendment was based for some time prior to the filing of the motion, and prior to the deadline for filing motions to amend. Since plaintiff has failed to assert it in a timely manner, it should be denied.

▇▇ Second, plaintiff claims that the motion is futile for two reasons. First, plaintiff failed to raise the sexual harassment claim with the administrative agency; therefore she is barred from raising it in this lawsuit. It is uncontested that plaintiff never raised a claim of sexual harassment with the adminis-

trative agency. This court has previously adopted the rationale of the court in the case of *Davis v. Roadway Express, Co.*, 1994 WL 583125 (D.Kan. Sept. 14, 1994), where the court held that a claim of harassment could not be raised in a Title VII lawsuit when it was not raised before the administrative agency. *See Urbina v. Dold Foods,* No. 92–1170–JTR, 1995 WL 155016 (D.Kan. March 6, 1995). Therefore, the court finds the claim to be futile.

Defendant also argues that the sexual harassment claim is futile because the facts asserted are insufficient to state a cognizable sexual harassment claim. Again, the court adopts the assertions set forth by defendant given the absence of any reply brief by the plaintiff.

▇▇ In considering a motion to dismiss for failure to state a claim, the court should assume all facts alleged in the complaint are true and should indulge all reasonable inferences in favor of the plaintiffs. *Weatherhead v. Globe International, Inc.*, 832 F.2d 1226, 1228 (10th Cir.1987). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 498 (1990); *Weatherhead v. Globe International, Inc.*, 832 F.2d at 1228. The court cannot dismiss a complaint merely because it doubts that the plaintiff can prove the facts it alleges. Thus, a motion to dismiss can only be granted if plaintiff has failed to allege sufficient facts to entitle it to relief if the facts alleged are taken as true. *Mundell v. Beverly Enterprises–Indiana, Inc.,* 778 F.Supp. 459, 460 (S.D.Ind.1991).

While admittedly this is a closer question, the court finds that based on the uncontested facts set forth by defendant, the facts contained in the proposed amendment (¶ 27, 77–

78), and the case law set forth in defendant's brief, the court finds that plaintiff has failed to allege sufficient facts to entitle it to relief assuming all the facts alleged are true. Highly relevant to the court's conclusion is plaintiff's failure to contest the factual or legal assertions set forth by defendant on this issue. Therefore, the motion is futile for this reason as well.

IT IS THEREFORE ORDERED that the motion to amend is denied.