**Emil A. TONKOVICH, Plaintiff,**

v.

**KANSAS BOARD OF REGENTS, et al., Defendants.**

No. 95–2199.

United States District Court, D. Kansas.

April 30, 1996.

---

J. Charles Droege, Overland Park, KS, Mark J. Bredemeier, Jeràld L. Hill, Richard P. Hutchison, Kansas City, MO, for Emil A. Tonkovich.

Kevin D. Case, Office of the Attorney General, Topeka, KS, for Kansas Board of Regents, Robert C. Caldwell, Tom E. Hammond, Rick Harmon, John B. Hiebert, Karen Krepps, John G. Montgomery, Phyllis Nolan, Shirley Palmer, Frank C. Sabatini, Donald C. Slawson, Sidney Warner, William R. Docking, Kenneth C. Havner, V. Talkington.

Thomas A. Hamill, Benjamin S. Tschudy, Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Overland Park, KS, Gregory M. Dennis, Gould Law Offices, Lenexa, KS, Thomas L. Thurston, Dwyer, Dykes & Thurston, Overland Park, KS, for University of Kansas, Ann Victoria Thomas, Rose A. Marino.

Jeffrey A. Chanay, J. Phillip Gragson, Entz & Chanay, Topeka, KS, for Gene A. Budig, Delbert M. Shankel, P. Delbert Brinkman, David E. Shulenburger, Robert Hemenway.

James M. Armstrong, Mary K. Babcock, Timothy B. Mustaine, Foulston & Siefkin, Wichita, KS, for Robert H. Jerry, II.

Bruce D. Mayfield, Mayfield Law Office, Overland Park, KS, John I. O'Connor, The Advocates Group, Pittsburg, KS, Michael Evan Jaffe, Randall J. Boe, Arent, Fox, Kitner, Plotkin & Kahn, Washington, DC, for Sidney A. Shapiro, Reginald L. Robinson, A. Kimberly Dayton, Elinor P. Schroeder, Ellen E. Sward.

John I. O'Connor, The Advocates Group, Pittsburg, KS, Michael Evan Jaffe, Randall J. Boe, Arent, Fox, Kitner, Plotkin & Kahn, Washington, DC, for Sandra C. McKenzie.

Robert F. Bennett, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, for H. Rutherford Turnbull, III, Nancy Ann Dahl, E.P. Johnsen, John Michel, Delores Ringer.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

The court has under consideration "Plaintiff's Motion for Recusal and Reassignment" (Doc. 62). The motion states that it is filed pursuant to 28 U.S.C. § 455. The motion seeks an order recusing the undersigned U.S. District Judge to whom this case has been assigned, as well as the United States Magistrate Judge to whom the case has been referred for the purpose of supervising discovery and pretrial proceedings. 28 U.S.C. § 636(b)(1)(A). The motion also asks that the case be reassigned to a "specially designated" judge from outside the District of Kansas. The "specially designated" judge is not otherwise identified. A memorandum in support accompanies the motion. An affidavit signed by the plaintiff is attached (Doc. 64). Responses, some separate, have been filed by the numerous defendants. The motion is denied.

This is an action brought under 28 U.S.C. § 1343 alleging Constitutional violations to be remedied pursuant to 42 U.S.C. § 1983. The action involves the plaintiff's termination as a member of the faculty of the University of Kansas School of Law.

■ Stripped of prolixity, the plaintiff's claim for recusal is based on a number of assertions, among them the following:

1. Tenth Circuit Judge Mary Beck Briscoe gave testimony at the university administrative proceeding which resulted in plaintiff's termination.

2. Tenth Circuit Judge Deanelle Reese Tacha was a law professor at the law school and a vice-chancellor of the university.

3. Magistrate Judge Gerald L. Rushfelt was once an adjunct instructor at the law school.

4. The spouse of the undersigned was once an adjunct instructor at the law school.

5. One Lucy Mason, who is alleged by plaintiff to have been a witness at his administrative hearing, was once employed in the United States Attorney's office for the Western District of Missouri where the undersigned's spouse is also employed.

6. Several graduates of the law school have served as law clerks for judges and magistrate judges in the District of Kansas.

7. District Judges John W. Lungstrum and Kathryn H. Vratil of this court have previously recused themselves in the case.

Taken singularly or collectively, the foregoing, in my opinion, do not provide a sufficient basis for recusal under the statute.

Whether Tenth Circuit Judges Briscoe or Tacha have or have had some involvement with the University of Kansas Law School or the administrative proceedings about which plaintiff complains is of no significance to this court. Neither is the fact that Judges Lungstrum and Vratil of this court have recused themselves. I assume that they have their own good reasons, which do not affect this judge. The fact that Magistrate Judge Rushfelt may have given service to the law school as an adjunct instructor does not rise to a reason for his recusal, nor for mine. In the same category is the fact that my spouse once served in the same capacity as Judge Rushfelt. An even more ludicrous reason

given in support of plaintiff's motion to recuse is the allegation that someone named Lucy Mason, who apparently was a witness in the university's administrative hearings, was at one time employed as an assistant United States Attorney in the Western District of Missouri, where my spouse is an attorney.

Counsel for the plaintiff, in his supporting memorandum, leaps from one tenuous connection to another to suggest that this judge could somehow be perceived to be a part of an intrigue against the plaintiff. The suggestion is rejected.

■ The record lacks any basis in fact for the assertion in plaintiff's brief that "this case has titillated the Kansas academic and legal communities." The suggestion implies a degree of public importance to the case of which this court is not aware. In any event, the public importance or. the public notoriety attached .to a case has never been a considered a ground for recusal by this judge.

The suggestion is also made by the plaintiff that there is an appearance of bias because other Kansas federal judges have had some connection with the K.U. Law School, or because I graduated from the school. My view is that these facts do not raise a reasonable appearance of impartiality. Taken as a whole, the allusions of plaintiff are more likely to suggest to a reasonable person that he is judge-shopping.

■ Title 28 U.S.C. § 455(a) provides: "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The decision to recuse under the statute is within the sound discretion of the district judge. *United States v. Stenzel,* 49 F.3d 658 (10th Cir.1995); *Weatherhead v. Globe International, Inc.,* 832 F.2d 1226, 1227 (10th Cir.1987); *Hinman v. Rogers,* 831 F.2d 937 (10th Cir.1987). The inquiry under § 455(a) "is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993).

The Tenth Circuit Court of Appeals has stressed that the statute must not be so broadly construed that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice. *Id.* "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Id.* In *Cooley* the court identified factors which will not ordinarily satisfy the requirements for disqualification under § 455(a) as follows (citations omitted):

"(1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters, ... (2) the mere fact that a judge has previously expressed an opinion on a point of law, ... or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense, ... (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse, ... (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented, ... (5) baseless personal attacks on or suits against the judge by a party, ... (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributable to the judge or others, but which are in fact false or materially inaccurate or misleading; ... (7) threats or other attempts to intimidate the judge...."

■ The allegations in an affidavit filed under 28 U.S.C. § 455 do not have to be taken as true. *Weatherhead v. Globe International, Inc.,* 832 F.2d at 1227; *Hinman v. Rogers,* 831 F.2d at 939. Nor is the judge limited to those facts presented in the affidavit. *Hinman, Id.* A trial judge has a duty not to recuse himself on unsupported speculation. *Willner v. University of Kansas,* 848 F.2d 1023 (10th Cir.1988).

■ A judge has an obligation to recuse himself when there is good reason for him to do so. He has an equal obligation *not* to recuse himself when there is no reason to do so. *Hinman,* 831 F.2d at 939; *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir.

1992). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judges' impartiality. *Hinman, Id.*

 The plaintiff, in his brief, presents the argument that "because of the stature of Professor Tonkovich ..." few lawyers or judges in Kansas are without some knowledge of the case. I presume that this claim is the basis for his request the judge and magistrate judge presently assigned to the case recuse themselves, and that a judge from outside the District of Kansas be designated to preside over it. The mere fact, however, that a judge has general familiarity with the facts of a case does not require recusal. *Cooley,* 1 F.3d at 993.

Under the principles above noted in construing § 455, and in accordance with the discretionary standard which I may apply in considering plaintiff's recusal motion, I conclude that a reasonable person knowing all the relevant facts would not harbor doubts as to my impartiality or the impartiality of Magistrate Judge Rushfelt in this case.

IT IS, THEREFORE, BY THE COURT ORDERED, that plaintiff's Motion for Recusal and Reassignment (Doc. 62) is denied.

IT IS SO ORDERED.