## WELLS v. WELLS.

1. In a petition for a divorce, brought by a wife, she alleged that in consequence of her refusal of the repeated demands of her husband that she should permit him to manage and control certain realty and personalty which she owned at the time of the marriage, he committed the acts of cruelty set up as the ground for a divorce, and prayed that he be enjoined "from interfering in any manner whatsoever with [her] or her property." A temporary restraining order was granted in accordance with the prayer.   An amendment was allowed, which set forth that since the granting of such order the husband had interfered with the wife's property, by notifying her tenants not pay rent to her but to him, basing his right to the rents upon a deed purporting to have been made by her to him during coverture, which deed was alleged to be forged. The prayers of the amendment were, that the husband be dealt with for violating the restraining order, that he be enjoined from interfering with the wife's tenants, and that such deed be cancelled. *Held,* that the amendment was not demurrable upon the ground that it sought to unite in one case different and distinct causes of action.

2. An amendment to a petition, when allowed, relates back to the beginning of the original suit and does not change the trial term thereof.   That a party is surprised, or less ready for trial, by reason of an amendment is not cause for demurrer thereto.

Argued October 7,—Decided October 30, 1903.

Libel for divorce, etc.   Before Judge Felton.   Bibb superior court.   December 8, 1902.

*M. G. Bayne,* for plaintiff in error.   *Crump & Travis,* contra.

FISH, P. J.   Margaret Wells sued her husband, Alexander W. Wells, for a total divorce, on the ground of cruel treatment.   The petition alleged that the plaintiff, at the time of the marriage,

owned and possessed a small amount of realty and personalty; that shortly after the marriage the defendant demanded possession of such property, and at all times asserted his right to control and manage the same; that the plaintiff refused to permit him to control and manage it, and such refusal caused him to commit the acts of cruelty of which she complained. One of the prayers of the petition was, " That the defendant by order of the court be enjoined and restrained from disposing of or interfering with in any manner the personal property on the premises now occupied by your petitioner, or visiting your petitioner's house, or from interfering in any manner with your petitioner or her property." Upon presentation of the petition, the judge granted an order restraining the defendant as prayed for. The defendant, at the appearance term, filed his answer denying that he was guilty of cruel treatment toward the plaintiff. After the appearance term and in vacation, the plaintiff notified the defendant that she would apply to the judge, on a given day, for leave to amend the original petition, and filed and served upon the defendant a copy of the proposed amendment. The amendment was presented at the time specified, and the judge granted an additional order, restraining the defendant in accordance with the prayers of the amendment, and calling on him to show cause, on a day named, why the injunction sought by the amendment should not be granted. The defendant failed to appear and show cause, and the status of the case remained unchanged until it came on for a hearing at the trial term. The defendant then demurred to the amendment. His demurrer was overruled, and the case is here upon a bill of exceptions sued out by him, complaining of this ruling.

1. The amendment alleged, that, after the granting of the first restraining order, the defendant had sued the plaintiff, in a justice's court, upon an account which he pretended she owed him; that she did not owe such account, and, upon her appearance in court to answer the suit thereon, the suit had been dismissed for want of prosecution. It also alleged, that, since the granting of that order, he had sued the plaintiff, in the city court, upon a note which he claimed she had given him prior to their marriage, and such suit was pending; that she had never given such note, and it was a forgery; that, since the granting of such order, he had had a deed recorded which purported to have been

executed by the plaintiff, conveying to him the realty described in the original petition, and thereupon had notified her tenants not to pay her the rents for the premises, but to pay them to him; that such deed was also a forgery. The amendment further alleged that the defendant had persistently annoyed the plaintiff, by frequently seeking to enter her house and threatening to do her bodily harm unless she permitted him to do so; and that the bringing of the suits, the recording of the forged deed, and the notice to the plaintiff's tenants were all acts of the defendant done for the purpose of harassing and annoying her, and to so interfere with her property as to induce her to dismiss her action for divorce. The prayers of the amendment were, that the suit upon the note be enjoined, the forged deed be cancelled as a cloud upon plaintiff's title, and the defendant be dealt with for his violations of the restraining order of the court. The amendment was demurred to upon the ground of misjoinder of actions. The demurrer failed to specify wherein there was such a misjoinder of actions, except that the amendment sought to cancel the deed and that an action for this purpose could not be joined with an action for divorce. The question presented by the demurrer was, whether the amendment sought to unite in one petition causes of action of so different a character that they could not, under our practice, be joined in the same petition. The original petition embraced an action for a divorce and an application for an injunction, yet it was not subject to demurrer on the ground of misjoinder of causes of action. *Schooler* v. *Schooler*, 74 *Ga.* 345; s. c. 77 *Ga.* 601; *Price* v. *Price*, 90 *Ga.* 244; *Lyon* v. *Lyon*, 102 *Ga.* 453. As we have seen, it was alleged in the original petition that the petitioner, at the time of the marriage, owned certain described realty, and one of the prayers of the petition was that the defendant be enjoined " from interfering in any manner with your petitioner or her property." The amendment alleged that the defendant, in violation of the restraining order of the court, previously granted, had interfered with petitioner's property, by notifying her tenants not to pay rents to her, but to him, basing his alleged right to such rents upon the deed from the plaintiff to the defendant, which she alleged to be a forgery and sought to have cancelled as a cloud upon her title. Certainly, under the authorities above cited, it would not have been a misjoinder of causes of action had

the plaintiff sought, in the original petition, to have enjoined the defendant from thus interfering with her realty and to have the deed cancelled.    Indeed, a part of the amendment, in reference to this matter, was in the nature of a supplemental petition, calling the attention of the judge to alleged disobedience by the defendant of the restraining order previously granted, which was an entirely appropriate method of so doing.    *Murphey* v. *Harker*, 115 *Ga.* 91.    It follows that the judge did not err in overruling the demurrer upon the special ground above considered.    Other grounds of the demurrer were of a general nature, and it is evident, from what we have stated above, that the amendment was not subject to general demurrer.

2.    Another ground of the demurrer was, " because the defendant has not been duly served as the law requires in actions of this kind, to have the trial term at this term of the court, as this is the first term since said petition was filed ;" and there was a prayer that, "if said amendment is allowed, he may have a trial of the issues set up in said petition at the next term of court."    The word "petition," as here used by the pleader, evidently refers to the application to amend the original petition.   This was not a proper ground for demurrer.    In passing upon the question whether or not the amendment should be allowed, the question as to when the case would be finally triable, if the amendment were allowed, was not involved.    But, aside from this, the amendment to the petition, when allowed, related back to the beginning of the original action and did not have the effect of changing the trial term thereof.    If the defendant was surprised by the amendment and less prepared for trial in consequence thereof, he should have moved for a continuance under the provisions of the Civil Code, § 5128.            *Judgment affirmed.    All the Justices concur.*