## 4202.  HILL v. HARRIS.

POTTLE, J.  1. A failure to attach a bill of particulars, where required, does not authorize a dismissal on the ground that the petition did not, without such a bill of particulars, set forth a good cause of action. The defect is amendable, must be taken advantage of by special demurrer, and is cured by the verdict.  *Gonackey* v. *General Accident Assurance Corporation*, 6 *Ga. App.* 381, 384.

2. Motions for continuances on the ground of surprise occasioned by an amendment to the opposite party's petition are addressed to the sound legal discretion of the trial judge. It will never be held to be an abuse of discretion to overrule a motion for continuance based on this ground when neither the movant nor his counsel states how and wherein he is less prepared to go on with the trial, so as to give the court an opportunity to exercise a sound legal discretion. Civil Code (1910), § 5714; *G. F. & A. Ry. Co.* v. *Sasser*, 4 *Ga. App.* 276.

3. In view of the fact that in his general charge the trial judge fully and distinctly instructed the jury with reference to all of the issues raised by the pleadings, it will not be held to be prejudicial error that in one portion of the charge he instructed them as follows: "You will find that the disagreement in this suit arises with reference to the amount of lumber that was cut." Under the pleadings and the evidence and the law applicable thereto, the issue thus referred to by the trial judge was the main and controlling question in the case.

4. The following instruction was not erroneous: "The burden of proof is upon the plaintiff in this case to prove to your minds by a preponderance of evidence the material allegations set forth in the petition."

5. Where the trial judge sets forth in his charge the contentions of the parties and instructs the jury that if the defendant sustains by proof a contention set forth in his pleadings, he will be entitled to prevail, and, under his plea of recoupment, recover against the plaintiff such amount as the jury might find in his favor, if fuller and more explicit instructions upon the issue as thus set forth are desired, they should be duly requested in writing. Under the rule just announced there is no error requiring a new trial in the instructions set out in the fifth ground of the amended motion for a new trial.

6. The jury having found in favor of the plaintiff the full amount sued for, and against the plea of recoupment filed by the defendant, any inaccuracy in the charge, with reference to the amount which should have been found for the defendant in the event his plea of recoupment was sustained, is not cause for a new trial.

7. The parties having entered into a written contract, under the terms of which the plaintiff was to cut into lumber certain pine timber at an agreed price to be paid upon delivery of the lumber, it was not erroneous to charge the jury that if the defendant failed and refused to pay for the lumber upon delivery, as provided for in the written contract, after demand for payment by the plaintiff, the latter would have been authorized under the contract to suspend operations.

8. While, under the terms of the contract between the parties, the question as to where the lumber was to be checked, and where it was in fact checked and measured, was immaterial, an instruction to the jury that

the parties were at issue in reference to this contention, and it should be determined from the evidence, was not prejudicial, under the facts of this case.

9. The written contract between the parties provided that the lumber was to be delivered to the defendant at the plaintiff's sawmill, and that the defendant was to pay for the lumber as soon as such delivery was made. There was no provision in the contract in reference to the quality of lumber to be delivered, but the law will imply that the parties intended the lumber to be merchantable and suitable for the uses to which it was to be put by the defendant. If lumber was delivered to the defendant at the plaintiff's sawmill and accepted, the defendant was bound to pay the agreed price for the lumber. It was, therefore, not error to charge the jury as follows: "I charge you that the defendant in this case would be responsible for all lumber that was cut and delivered at the plaintiff's sawmill."

10. The following instruction contained an accurate statement of the law: "I charge you that it is the duty of the defendant upon his cross-petition or plea of recoupment, as it is on the plaintiff on his part, in law to make out his case by a preponderance of evidence; and unless this is done, you are authorized to find against his contentions."

11. An exception to the charge as a whole, upon the ground that it does not present in a clear and lucid manner the issues involved in the case, and is misleading, and omits to refer to some of the issues, magnifying the contentions of one of the parties, presents no assignment of error for consideration by the reviewing court.

12. The written contract between the parties containing simply an obligation on the part of the plaintiff to cut and deliver certain lumber to the defendant, and binding the latter to take and pay for the lumber, evidence that the defendant relied upon the contract with the plaintiff to keep a planing-mill supplied with lumber was irrelevant and immaterial, in the trial of an action for the agreed price of lumber delivered to the defendant.

13. The evidence authorized the verdict, and there was no error requiring a new trial. *Judgment affirmed.*

DECIDED JULY 23, 1912.

Complaint; from city court of Oglethorpe—Judge Wall presiding. April 20, 1912.

*Jule Felton,* for plaintiff in error.

*Jere M. Moore, J. J. Bull & Son,* contra.