## 57979. BAKER v. HOUSING AUTHORITY OF SAVANNAH.

DEEN, Chief Judge.

1. The Code of Federal Regulations (Title 24, Chapter VIII, § 866.4 (1) (2) (i)) states that where a landlord which is a public housing agency desires to terminate a lease for failure to pay rent it shall give a 14-day notice to that effect. The effect of this regulation is to allow the tenant a 14-day period before the landlord may take any legal action in the matter based on

termination.

2. Under state law (Code § 61-301) the landlord must demand possession *after* the termination of the lease as a condition precedent to swearing out a dispossessory warrant.

3. The facts of this case sufficiently comply with the above rules of law to support the judgment of dispossession. A notice was dated and mailed by the landlord on December 6, 1978, requested delivery of possession of the premises "on or before the termination of your tenancy on December 19, 1978." Granting that under the regulation in question the termination of tenancy, as opposed to the delinquency in rent which occurred on December 1, could not occur until December 20, the tenant was in no way harmed by and made no effort to take any action prior to the end of the two-week period. In fact, over six months have elapsed since this notice, and the tenant is, so far as we know, still occupying the premises. The notice was in fact given and became effective at the end of the two-week period.

4. As to the demand for possession, assuming that the notice which was mailed on December 20, 1979, arrived on December 21 or thereafter, regardless of the time at which it arrived the date was subsequent to the December 20 date on which the tenancy terminated. Both notices were accordingly timely.

5. The fact that the tenant had been delinquent in rental payments during the prior May and October, which failures to pay had also generated termination notices not followed through by the landlord, who accepted late rental payments on those occasions, did not constitute an estoppel which would require landlord to accept late rent after termination notices on subsequent occasions. Code § 61-309. And the fact that termination notices were in fact sent is an indication that no novation or agreement to accept late rent, express or implied, was entered into between the parties. Accordingly, an offer to prove that late rental payments had been accepted prior to the earlier termination notices was properly rejected as immaterial. A termination notice obviously indicates an intention to rely on the exact terms of the agreement. Cf. Code § 20-115. Further, the tenant was actually notified

by letter of the intention of the landlord under state law, "if we have to issue another warrant within the next 12 months" to refuse to accept payment and to require removal.

6. It is obvious from the above that even if the tenant could through interrogatories or discovery procedures have obtained from the landlord a' list of every late payment accepted by it during the tenancy, this would have shown only a course of conduct *prior* to written notice that late payments could no longer be accepted. The other reason contended for by the tenant for seeking a continuance in order to obtain discovery from the landlord was that a refusal to accept late rental payments would constitute a change under 24 CFR Chapter VIII § 866.5 wherein the landlord is required to post and to give a 30-day written notice of changes in schedules of charges and regulations required to be incorporated in the lease by reference. The fact that rent was due on the first of the month was already in the lease, and the tenant had received recent notice that that date would be adhered to. Neither of these contentions amount to defenses to the eviction action.

7. The provisions of the Civil Practice Act relating to discovery and depositions apply to all special statutory proceedings. Code § 81A-181. This would include the present trial of the dispossessory warrant. Code § 81A-140 (a) provides that all civil cases may be tried after the last day for defensive pleadings except that "the court shall in all cases afford to the parties reasonable time for discovery procedures, subsequent to the date that such defensive pleadings were required to be filed." This was not done in the present case and the question presented is whether under any circumstances failure to allow the extra time for discovery could be held either a proper exercise of judicial discretion or at most harmless error.

The defendant was served with the warrant and had seven days thereafter in which to answer (Code Ann. § 61-302) and to urge any legal or equitable defense or counterclaim. The defenses were that she had tendered all rent due, as to which it was established that the rent was not tendered until after the warrant was sued out; that plaintiff had established a pattern of accepting late

payment and had unlawfully refused it in this case, which we have held under the circumstances to be untrue, and lastly that the housing authority could not adopt any rule affecting tenants without giving a 30-day notice and opportunity to comment, and that it "purports to have adopted a rule whereby it refuses to accept rent when a tenant receives a second dispossessory warrant within twelve months." Code Ann. § 61-309 which requires a tender of rent within seven days of service of a dispossessory warrant for nonpayment to be accepted once, but only once, during a 12-month period, is a state law and not a regulation of the housing authority. Its effect was not to give the landlord a new option but to foreclose it from its prior option to dispossess the tenant for nonpayment at the first delinquency. It is not such a rule or regulation as needs comment from the tenants; in fact, the rule or regulation referred to refers to charges or other matter required to be incorporated in the lease by reference, which this is not.

Accordingly, the tenant made no showing either in her answer or upon the hearing that a continuance to allow the use of discovery procedures for the above stated purposes would result in any benefit to her. The law does not require a useless act, and it must be assumed that the only benefit to be derived from a continuance would be a postponement of the inevitable. The trial court would be required to grant the continuance for discovery purposes only if the motion was meritorious under the general rules governing discovery and depositions. It has a wide discretion in determining what is and is not germane to the issues. *Schneider v. Spivey,* 240 Ga. 468 (241 SE2d 224) (1978). "In exercising this discretion the trial court can consider such factors as the relevancy of the questions propounded. . . and whether such interrogatories were filed for purposes other than a bona fide effort of discovery . . . The statute wisely gives the trial judge broad control over the use and limitations of discovery procedures, and unless there is a clear abuse of this discretion the appellate courts will not interfere." *Jackson v. Gordon,* 122 Ga. App. 657 (178 SE2d 310) (1970). No abuse of discretion appears.

*Judgment affirmed. Shulman and Carley, JJ.,*

*concur.*

ARGUED MAY 29, 1979 — DECIDED OCTOBER 12, 1979 —
REHEARING DENIED OCTOBER 26, 1979 —

*Philip L. Merkel, Brian Rogal, Elisabeth M. Youngerman,* for appellant.
*Malberry Smith, Jr.,* for appellee.