## 36296. PARTAIN et al. v. MAYOR & COUNCIL OF THE CITY OF ROYSTON.

CLARKE, Justice.

This is a continuation of a controversy which made its way to this court as *Martin v. Mayor & Council of Royston,* 244 Ga. 669 (261 SE2d 707) (1979). In that case, the City of Royston and David Partain and Lorene Saylors were sued by certain taxpayers who were dissatisfied with the city's failure to cause the removal of Partain's mobile home from the land of Saylors by enforcement of zoning ordinances. A mandamus was denied by the trial court, but this court reversed. Subsequently, the trial court issued a mandamus absolute requiring the removal of the mobile home. From this there was no appeal.

In the litigation now being considered, the city finds itself on the opposite side from its former co-defendants. The city is attempting, through this action, to enjoin the continued presence of the mobile home on the land involved. The complaint was filed on January 15, 1980, and at the same time a rule nisi was issued ordering a hearing. On January 29, the court entered an order reciting that defendants contended the hearing could not be held until 30 days from the date of service and therefore ordering that the matter be heard on February 16, 1980. Six days later, on February 4, defendants answered the complaint and also filed a motion to dissolve the rule nisi, a notice to take deposition and a request for production of documents. The deposition notice called for the deposition to be taken on February 18, two days after the date set for the interlocutory hearing. Although a time appears on the request for production, no date was included.

As the February 16 hearing was about to proceed, counsel for defendants made a statement to the trial court which it contends was a motion for continuance based upon the ground that there had been no adequate opportunity for necessary discovery. The court ordered the hearing to proceed after observing that the parties were notified on January 29 of the February 16 hearing.

There is only one enumeration of error. In it, defendants complain of the denial of the motion for continuance.

Code Ann. § 81A-140 (a) provides that all civil cases shall be triable anytime after the last day upon which defensive pleadings are required to be filed. The section further provides that in all cases, the trial court shall give the parties reasonable time for discovery subsequent to the date defensive pleadings must be filed. Code Ann. § 81A-140 (b) provides that the judge may hear and determine any non-jury matter at any time upon reasonable notice to the parties.

Here, the court in its conclusions of law specifically found that the parties were given eighteen days notice of the hearing and that it was made "abundantly clear that the purpose of the hearing was for final disposition of the case." In its findings of fact, the court traced the history of this litigation from March 20, 1979, when the Appeals Board of the City of Royston found the location of the mobile home to be in violation of the Zoning Ordinance of the City of Royston. The trial court has broad discretion concerning the use of and limitations upon discovery procedure. This discretion will not be disturbed on appeal in the absence of abuse of that discretion. *Jackson v. Gordon,* 122 Ga. App. 657 (178 SE2d 310) (1970); *Herring v. R. L. Mathis Certified Dairy Co.,* 121 Ga. App. 373 (173 SE2d 716) (1970). All that is required by § 81A-140 (a) is reasonableness as to the time allowed for discovery. Under the particular facts and circumstances in this case, we cannot say the trial court acted unreasonably. The trial court apparently determined further discovery would have been futile. The issue of the removal of the mobile home has been litigated all the way to this court. All that remains is for removal to be carried out. Under all the circumstances, the granting of a continuance would have merely delayed the inevitable. The law does not require a useless act. *Webb v. Webb,* 245 Ga. 650 (266 SE2d 463) (1980); *Baker v. Housing Authority,* 152 Ga. App. 64 (262 SE2d 183) (1979). Therefore, there was no abuse of the trial court's discretion in the decision to deny appellants a continuance.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 30, 1980 — DECIDED SEPTEMBER 9, 1980.

*John Kupris,* for appellants.
*Jerry N. Neal,* for appellee.