S95A1584. WOELPER et al. v. PIEDMONT COTTON MILLS, INC. et al.

(467 SE2d 517)

HINES, Justice.

George and Barbara Woelper filed a petition in the Superior Court of Fulton County under the Quiet Title Act, OCGA § 23-3-60 et seq., seeking to establish an easement by implication upon land owned by Piedmont Cotton Mills, Inc. The case was submitted to a special master. The special master's findings of fact and conclusions of law, as supplemented, determined that the Woelpers were not entitled to the relief sought because they did not comply with OCGA § 23-3-62. The special master specifically found that the Woelpers had failed to file a required description of the land involved in the proceedings, and that the petition did not specify the Woelpers' interest in the land or whether the interest was based on a written instrument or adverse possession. The special master opined that if the requirements of OCGA § 23-3-62 had been met the Woelpers would have been entitled to an easement.

The day after the ruling, the Woelpers filed a "Motion to Extend Discovery" in an effort to amend their petition to meet the requirements of OCGA § 23-3-62. The superior court denied the motion finding no reason to extend discovery more than one year after the discovery period had expired. The Woelpers then filed a "Motion for Authorization to Conduct Survey," asking that they be granted limited authorization to enter upon Piedmont's land to conduct a survey to generate a metes and bounds description of the prayed for easement. The court held a hearing during which it orally ruled that it would not authorize the survey and that it would adopt the special master's findings of fact and conclusions of law with the exception that it would strike any language implying that the Woelpers' petition could be amended in order to grant the relief sought. The next day, and before the court's ruling was reduced to writing, the Woelpers moved to voluntarily dismiss their petition without prejudice. Subsequently, the court entered an order memorializing its oral ruling. Contemporaneously it issued an order denying the Woelpers' motion for voluntary dismissal. The Woelpers appeal, and we affirm.[1]

---

[1] Piedmont maintains in its brief that the Woelpers failed to make two banks, who each possess a security interest in the land and who were parties to the proceedings in the superior court, parties to the appeal. See OCGA § 5-6-37. It urges this Court to either dismiss the

1. The Woelpers contend that the superior court erred in denying their motions to extend discovery and to conduct a survey because, by so doing, the court abrogated the special master's right to require pertinent evidence to be filed so that he could render a complete decision. This contention is unavailing. The special master was not denied pertinent evidence. His responsibility ended when he completed and filed his findings of fact and conclusions of law with the court. OCGA § 23-3-67. The salient issue is whether the court abused its discretion in denying additional discovery. A trial court has wide discretion to shorten, extend, or reopen the time for discovery, and its decision will not be reversed unless a clear abuse of that discretion is shown. *Stewart v. Stewart*, 260 Ga. 812, 813 (400 SE2d 622) (1991); *Ambassador College v. Goetzke*, 244 Ga. 322 (260 SE2d 27) (1979), cert. denied, 444 U. S. 1079 (100 SC 1029, 62 LE2d 762) (1980). We find no abuse.

Piedmont raised the issue of the Woelpers' failure to comply with provisions of OCGA § 23-3-62 in its answer and in a subsequent response to the Woelpers' request for discovery more than a year prior to the special master's ruling. Moreover, although the Woelpers amended their petition on two separate occasions during the proceedings before the special master, they failed to move for an extension of discovery until after the special master had issued his findings of fact concluding that the Woelpers failed to show a particular description of the alleged easement. The Woelpers' complete lack of diligence supports the superior court's refusal to reopen discovery. See Uniform Superior Court Rule 5.

2. The Woelpers challenge the superior court's deletion of the special master's "recommendation that [they] be permitted to amend the petition to include a particular description of the easement." However, the record is devoid of any such recommendation. The special master merely stated that if the Woelpers had met the requirements of OCGA § 23-3-62 they would have been entitled to the relief requested. Without submitting any questions of fact to a jury or requesting additional evidence, the special master concluded that the Woelpers were not entitled to the requested easement. Any reference as to how the Woelpers could have or should have proceeded was mere surplusage, and the court properly excluded such language from the final judgment.

3. The Woelpers also contend that the superior court erred in adopting what they allege was the special master's finding that the location of the proposed easement had to be defined by "metes and bounds" in order to comply with the requirements of OCGA § 23-3-62

appeal or order service of the appeal on the two named banks. The Woelpers filed a "Supplementary Certificate of Service" with this Court stating that all parties had been served with notice of the appeal. Neither bank has pursued the appeal.

(b). They argue that its location was properly established through testimony and by a blueprint provided at the hearing before the special master.

Contrary to the Woelpers' contention, the record does not contain a finding or conclusion that the location of the purported easement had to be described by metes and bounds in order to comply with the statute. Moreover, this Court is unable to assess whether or not this contended easement was established through other evidence because the Woelpers have failed to provide a transcript of the evidence before the special master. Thus, we are limited to a review of the special master's conclusions of law based upon his findings of fact. *Higdon v. Gates*, 238 Ga. 105 (231 SE2d 345) (1976).

4. The contention that the superior court erred in denying the Woelpers' motion for voluntary dismissal fails. "[O]nce a judgment in a civil case has been announced though not formally entered, the attempted filing of a voluntary dismissal thereafter is not permissible and does not effect a dismissal." *Jones v. Burton*, 238 Ga. 394, 395 (1) (233 SE2d 367) (1977). The court's oral ruling prevented the Woelpers from thereafter voluntarily dismissing their petition without prejudice.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 4, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996.

*John B. Lyle,* for appellants.
*George L. Barron, Jr.,* for appellees.