A97A2468. CROSBY v. DeMEYER et al.

(494 SE2d 568)

BLACKBURN, Judge.

Wayne and Glenda DeMeyer sued Randy Crosby d/b/a Crosby Construction Company for negligent construction of their house, and the jury awarded the DeMeyers $10,935.25 in damages and $5,000 in attorney fees. Crosby appeals the denial of his motions for directed verdict and for judgment n.o.v., contesting the sufficiency of the evidence.

"In reviewing the denial of a motion for judgment notwithstanding the verdict, this Court must determine whether there is any evidence to support the jury's verdict. The same standard of review applies from the denial of a motion for directed verdict. . . . We must construe the evidence in the light most favorable to the prevailing party." (Citations omitted.) *Ga. Power Co. v. Irvin*, 267 Ga. 760, 762 (1) (482 SE2d 362) (1997).

1. Crosby contends that he was entitled to a directed verdict or judgment n.o.v. because there was no evidence of the applicable standard of care.

"Generally plaintiffs in a negligent construction case must establish the standard of care applicable to the defendant by the introduction of expert testimony. A standard of care must be proved by an expert in professional negligence cases because a jury cannot rationally apply negligence principles to professional conduct without evidence of what the competent professional would have done under similar circumstances; as the jury may not be permitted to speculate about what the professional custom may be, there must be expert evidence as to the professional custom required in such cases. However, even in professional negligence cases, evidence of negligence in some cases may be so 'clear and palpable' that it may be understood by a jury without expert evidence as to a professional standard of care. . . . [I]f the defendant himself testifies that he should have performed and did perform an act which the evidence shows he did not perform, and if causation is shown, the case may become a 'clear and palpable' case of negligence and proof of a professional standard is not required. . . . If it is not necessary to establish by experts the parameters of acceptable professional conduct in order to prove negligence or breach of contract for failure to perform the contract in a workmanlike manner, the case may not strictly require expert testimony as to a standard of care applied by experts in like circumstances." (Citations and emphasis omitted.) *Bilt Rite of Augusta v. Gardner*, 221 Ga. App. 817, 818 (472 SE2d 709) (1996).

Plaintiffs did not present expert testimony as to the applicable standard of care. However, they contend that such evidence was unnecessary because Crosby admitted negligence in the construction of the house. Plaintiffs do not provide any citations to the record to support this factual assertion in violation of Court of Appeals Rule 27 (b) (1). This Court has no duty to cull the record in search of evidence to support the contentions of either of the parties. Nevertheless, we have exercised our discretion in reviewing the record and find that it supports plaintiffs' contentions.

Plaintiffs claimed that their driveway suffered extensive cracking because it was constructed without expansion joints. During direct examination by his attorney, Crosby was asked the following questions with respect to the driveway: "Q. . . . you realized that there were some cracks in it. A. I did. Q. And you realized that there was no expansion joints in there. A. I did. Q. Do you agree that there should have been expansion joints in there? A. If I had have been on that site the day the concrete was poured, yes, there would be expansion joints. Q. Okay, but there's not? A. No, there's not."

Plaintiffs also contended that the roof was improperly constructed. Among other things, they claimed that Crosby failed to properly weather strip the edge of the roof. When questioned by his attorney about this, Crosby admitted that there should have been

caulking between the wood and brick: "Q. Has it come to your attention that indeed there is no caulk between the — the board and the brick? A. I think you brought it to my attention. Q. Okay. And that — and it's supposed to have caulk in there? A. It should have caulk in there, that's correct."

Plaintiffs also claimed that the roof had not been framed properly, and that the shingles would need to be removed and the plywood renailed. During direct examination, Crosby stated "I'm not disagreeing that the roof needs to be repaired. . . . [The shingles] got to come off and the plywood's got to be nailed back down. I'm in agreement with that."

During closing argument, Crosby's attorney admitted liability, but contested the amount of damages claimed by plaintiffs. He stated, "a number of these other items we have no problems with. And we've listed those for you. And that's what that adds up to, $5,839, and that's what we're going to ask you to award the plaintiffs. They — we owe them some money."

"[I]f the defendant himself testifies that he should have performed . . . an act which the evidence shows he did not perform, . . . the case may become a 'clear and palpable' case of negligence and proof of a professional standard is not required." (Punctuation and emphasis omitted.) *Bilt Rite*, supra. Given Crosby's and his attorney's admissions, the jury was authorized to find for plaintiffs without the necessity of expert testimony regarding the standard of care.

2. Crosby also contends the court erred in denying his motions for directed verdict and for judgment n.o.v. with respect to plaintiffs' claim for attorney fees under OCGA § 13-6-11.

"An award of attorney fees [under OCGA § 13-6-11] is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs." *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987); see also *Hughes v. Great Southern Midway*, 265 Ga. 94, 95 (1) (454 SE2d 130) (1995). "Proof of what was paid for professional services is not, without more, sufficient proof of their value." (Punctuation omitted.) *Eberhart v. Morris Brown College*, 181 Ga. App. 516 (352 SE2d 832) (1987). The only evidence regarding attorney fees in this case was Glenda DeMeyer's testimony that plaintiffs "had to borrow approximately $4,700 to pay [their attorney] fees." Even if this constitutes evidence as to how much was paid, it does not constitute evidence as to the reasonableness of those fees. Accordingly, the award of attorney fees to plaintiffs must be reversed. See id.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 4, 1997.

*Godlove & Carellas, Robert L. Persse,* for appellant.
*Wallace & Tetreault, Matthew W. Wallace,* for appellees.