A01A2313. LAWRENCE v. DIRECT MORTGAGE LENDERS CORPORATION.
(563 SE2d 533)

ANDREWS, Presiding Judge.

Direct Mortgage Lenders Corporation sued Rodney Lawrence alleging that he breached an agreement to lease a trailer, converted the trailer to his own use, and wrongfully obtained title to a truck from Direct Mortgage by presenting a bad check for the purchase price. After a bench trial, the trial court entered a judgment in favor of Direct Mortgage and against Lawrence in the amount of $1,500 as past due rent on the trailer claim; $30,750 on the truck claim; $1,800 in attorney fees pursuant to OCGA § 9-15-14 (b); and $50,000 in punitive damages.

On appeal Lawrence claims the trial court erred: (1) by refusing to continue the trial to permit him to conduct discovery; (2) by erroneously admitting parol evidence; (3) by awarding punitive damages; and (4) by awarding attorney fees. For the reasons set forth below, the judgment should be affirmed except for the award of attorney fees.

1. The trial court did not abuse its discretion by refusing to continue the trial to allow Lawrence to commence discovery.

Direct Mortgage filed its complaint on November 16, 2000, and Lawrence (represented by defense counsel) filed an answer and counterclaim on November 21, 2000. On January 9, 2001, Lawrence's defense counsel filed a motion to withdraw as attorney of record on the basis that Lawrence had failed to pay attorney fees. The trial court granted the motion and allowed defense counsel to withdraw on January 25, 2001. On January 17, 2001, before defense counsel withdrew, Direct Mortgage served defense counsel with an amendment to the complaint adding the truck claim. The case was subsequently placed on the trial calendar for trial on February 26, 2001. When the

case was called for trial on February 26, Lawrence appeared represented by new defense counsel who told the court that he had met with Lawrence and reviewed the file for the first time on February 25. Defense counsel made an oral motion that the trial court continue the case so Lawrence could commence discovery in the case and argued that Lawrence had a right to conduct discovery within six months after filing his answer on November 21, 2000, pursuant to Uniform Superior Court Rule (USCR) 5.1 (as applicable in the state courts). The trial court denied the motion to continue the case for this purpose. It ruled that Lawrence had failed to diligently pursue any discovery, even after receiving notice of the trial date, and that the mobile nature of the assets at issue demanded a prompt trial.

Lawrence also objected to trying the claim raised in the amendment to the complaint on the basis that the amendment was not located in the court's file prior to the call of the case. The record shows that the filed amendment had been misplaced by the trial court clerk, and the trial court allowed a copy of the amendment to be filed on the day of the trial to complete the record. Lawrence raised no objection in the trial court, and makes no claim in this appeal, that he did not receive proper notice of the amendment to the complaint. The record shows that Lawrence's first defense counsel was served with the amendment over a month prior to the trial date, and subsequent defense counsel who appeared for Lawrence at the call of the case indicated that he had reviewed the file and was aware of the amendment.

Contrary to Lawrence's argument, USCR 5.1 did not give him a right to conduct discovery for a six-month period of time after he filed his answer. Rule 5.1 provides that:

> In order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within six months after the filing of the answer. At any time, the court, in its discretion, may extend, reopen or shorten the time to utilize the court's compulsory process to compel discovery.

This rule does not require that Lawrence be given six months in which to complete discovery. *Alexander v. Macon-Bibb County Urban Dev. Auth. &c.*, 257 Ga. 181, 184 (357 SE2d 62) (1987); *Walton v. Datry*, 185 Ga. App. 88, 90 (363 SE2d 295) (1987). Rather, the time for conducting discovery rests in the sound discretion of the trial court. "A trial court has wide discretion to shorten, extend, or reopen the time for discovery, and its decision will not be reversed unless a clear abuse of that discretion is shown." *Woelper v. Piedmont Cotton*

*Mills*, 266 Ga. 472, 473 (1) (467 SE2d 517) (1996); *Ambassador College v. Goetzke*, 244 Ga. 322, 323 (260 SE2d 27) (1979).

In the present case, Lawrence made no effort to conduct discovery after he filed his answer on November 21, 2000, or after the amendment to the complaint was served, or after he was notified that the case had been placed on the court's trial calendar. The first defense counsel withdrew because Lawrence failed to pay him, and Lawrence did not obtain and meet with his new defense counsel until the day before the case was set for trial. Given Lawrence's complete lack of diligence in failing to conduct any discovery prior to the trial date, we find the trial court did not abuse its discretion by denying the motion made at the start of the trial to continue the case so discovery could be commenced. *Woelper*, 266 Ga. at 473.

2. Lawrence waived his claim that the trial court erroneously admitted parol evidence by failing to make any objection when the evidence was introduced. *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 239 (547 SE2d 637) (2001).

3. There was evidence supporting the award of punitive damages, and the amount awarded was not excessive.

The original complaint included an allegation that Lawrence converted a trailer owned by Direct Mortgage and sought punitive damages for the conversion. In an amendment to the complaint, Direct Mortgage alleged that Lawrence purchased and obtained title to a truck from Direct Mortgage by presenting a bad check in the amount of $30,750. The amendment sought to recover $30,750 from Lawrence but did not allege a conversion or pray for punitive damages. In the judgment in favor of Direct Mortgage, the trial court made findings with respect to Lawrence's conduct on the trailer claim and the truck claim. The court found that "Defendant's actions constituted wilful conversion" and awarded $50,000 in punitive damages. Although the judgment did not specify whether the conduct justifying the award of punitive damages related to the trailer claim or the truck claim, the trial court made clear in its oral pronouncement of judgment at the trial that it intended to award punitive damages solely on the conversion claim stated in the complaint which prayed for the award of those damages. When the written judgment is read in conjunction with the court's oral pronouncement of judgment, it is clear that punitive damages were awarded based on the trial court's finding that Lawrence converted and refused to return the trailer to Direct Mortgage after he stopped paying the rent due. *In the Interest of L. H.*, 242 Ga. App. 659, 660 (530 SE2d 753) (2000).

The record shows that Lawrence came into possession of the trailer lawfully pursuant to his agreement to lease it from Direct Mortgage. Where a defendant lawfully acquires possession of the property at issue, there is no conversion in the absence of proof that

the owner made a demand for possession and that the defendant wrongfully refused to deliver possession. *Brooks v. Fincher*, 150 Ga. App. 201, 203 (257 SE2d 326) (1979). Direct Mortgage produced evidence showing that, after Lawrence failed to pay the rent due, it demanded that he return the trailer, that Lawrence refused to return the trailer despite several attempts by Direct Mortgage to take possession of it, and that Lawrence attempted to conceal the trailer and misrepresented the location of the trailer in an effort to frustrate repossession. Direct Mortgage eventually obtained possession of the trailer from Lawrence with the aid of the sheriff and an order from the trial court granting a writ of possession.[1] Because there was "clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences," the evidence was sufficient to support the award of punitive damages under OCGA § 51-12-5.1.

The trial court made a finding in compliance with OCGA § 51-12-5.1 (d) (1) that an award of punitive damages was justified, but it awarded $50,000 in punitive damages without complying with the procedural requirements of § 51-12-5.1 (d) (2) that it hold a bifurcated hearing to consider the amount of punitive damages to be awarded. Nevertheless, because no objection was raised to this deficiency in the trial court, the error was waived. *Shaw v. Ruiz*, 207 Ga. App. 299, 300 (428 SE2d 98) (1993); *Wal-Mart Stores v. Forkner*, 221 Ga. App. 209, 210 (471 SE2d 30) (1996).

Although the $50,000 in punitive damages awarded substantially exceeded the compensatory damages of $1,500 awarded on the trailer claim, the award was not excessive given the evidence of misconduct before the trial court. Punitive damages are not awarded based on the actual harm caused, but to punish reprehensible conduct and deter its occurrence in the future. *Hosp. Auth. of Gwinnett County v. Jones*, 259 Ga. 759, 761-766 (386 SE2d 120) (1989). "Because deterrence is based on factors other than the actual harm caused, we have rejected the notion that punitive damages must necessarily bear some relationship to the actual damages awarded by the [court]." (Emphasis omitted.) *Hosp. Auth. of Gwinnett County v. Jones*, 261 Ga. 613, 614 (1) (409 SE2d 501) (1991). The trial court did not abuse its discretion in awarding punitive damages in the amount of $50,000. *Hosp. Auth. of Gwinnett County*, 259 Ga. at 766; *Moody v. Dykes*, 269 Ga. 217, 221-222 (496 SE2d 907) (1998); *Time Warner*

---

[1] The trial court took judicial notice of the writ of possession it granted in the case and the sworn statements contained in the request for the writ.

*Entertainment Co. v. Six Flags Over Ga.*, 254 Ga. App. 598, 599 (2) (563 SE2d 178) (2002).[2]

4. The trial court also awarded Direct Mortgage $1,800 in attorney fees pursuant to OCGA § 9-15-14 (b) based on the court's finding that there was no substantial justification for Lawrence's defense to the claim asserted in the amended complaint that he obtained title to the truck by presenting a bad check. Evidence was presented that Direct Mortgage incurred attorney fees in the amount of $1,800 for prosecution of the entire case. Although the trial court did not abuse its discretion in awarding attorney fees in some amount pursuant to § 9-15-14 (b) (*Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (360 SE2d 566) (1987)), Direct Mortgage was only entitled to attorney fees attributable to the conduct that the trial court found justified the award. Accordingly, we reverse the attorney fees award and remand the case to the trial court for a hearing to allow Direct Mortgage to establish what portion of the $1,800 in attorney fees it expended on the entire case was attributable to the successful truck claim asserted in the amendment to the complaint. *Duncan v. Cropsey*, 210 Ga. App. 814, 815-816 (437 SE2d 787) (1993).

*Judgment affirmed in part, reversed in part and case remanded with directions. Johnson, P. J., Ruffin, Miller and Ellington, JJ., concur. Eldridge and Phipps, JJ., dissent.*

ELDRIDGE, Judge, dissenting.

I respectfully dissent, because the conduct of the trial judge was arbitrary and capricious, evidencing a prejudice against the defendant.

On November 16, 2000, Rodney Lawrence, defendant, was sued in the State Court of Gwinnett County by Direct Mortgage Lenders Corporation for breach of contract to purchase and conversion of a 1999 camper trailer. On November 17, 2000, Lawrence was personally served. On November 16, 2000, the trial court granted ex parte

---

[2] Whether the award of punitive damages was excessive under the Due Process Clause of the Fourteenth Amendment to the United States Constitution was not raised as an issue in this case. Accordingly, there is no need to address whether the award conforms with the substantive standards for determining compliance with federal due process set forth in *BMW of North America v. Gore*, 517 U. S. 559 (116 SC 1589, 134 LE2d 809) (1996). *Cooper Indus. v. Leatherman Tool Group*, 532 U. S. 424, 433, n. 7 (121 SC 1678, 149 LE2d 674) (2001); *Browning-Ferris Indus. &c. v. Kelco Disposal*, 492 U. S. 257, 276-277 (109 SC 2909, 106 LE2d 219) (1989). Nor do we apply the de novo standard of review required for appellate review of the federal due process issue by *Cooper Indus.*, 532 U. S. at 430-434. Since no federal constitutional due process issue was raised, state standards apply to determine the validity of the award, and the standard for appellate review of the award for excessiveness under state common law is whether the trial court abused its discretion. *Hosp. Auth. of Gwinnett County*, 259 Ga. at 766; *Cooper Indus.*, 532 U. S. at 433-434; *Time Warner*, 254 Ga. App. at 601 (2) (a) (ii).

the plaintiff a prejudgment writ of possession of the property. On November 22, 2000, the Sheriff of Gwinnett County seized the trailer and gave it to the plaintiff's agents. Defendant answered, alleging that the transaction was not a real sale but a loan to avoid usury and that defendant's title to the property was, in fact, given as security only.

On January 9, 2001, prior defense counsel made a written motion to withdraw for failure by the defendant to pay for services, and on January 25, 2001, the trial court allowed defense counsel to withdraw. Prior to the expiration of the period for discovery and while the defendant was unrepresented, the trial court had the case expeditiously calendared for a bench trial for February 26, 2001, only 71 days after answer and without a written order shortening the time for discovery and trial. From January 9, 2001, through February 24, 2001, the defendant was effectively unrepresented by counsel to conduct discovery on his behalf of complex legal and factual issues. The defendant orally moved for a continuance, which was denied.

At a bench trial on February 26, 2001, after the defendant objected to trial on the new claim for the truck, the trial court overruled this objection and ordered the clerk to file the courtesy copy of the amendment to plaintiff's complaint when the clerk could not find evidence that the amendment had ever been filed of record with the trial court; thus, the trial court had plaintiff file the amendment to the complaint at trial to assert this new independent claim for $30,750 for the purchase of a truck and dishonor of the check. The amendment filed bore a certificate of service on the defendant dated January 17, 2001; however, this service was made on the first defense counsel, who the plaintiff was on notice on that date had a pending motion to withdraw and who was allowed to withdraw eight days later on January 25. The trial court had received a courtesy copy of the amendment from the plaintiff and allowed the plaintiff to go forward over objection of defense counsel even though this new claim constituted the majority of the consequential damages claimed and had not been filed of record until the objection was made as to its absence from the court records.

The trial court conducted the bench trial of the issues raised in the complaint and the tardily amended complaint, entering a judgment for $1,500 rent on the trailer; the new claim of $30,750 purchase price of the truck; $1,800 in attorney fees under OCGA § 9-15-14 (b) for lack of substantial justification for the defense of payment on the new claim; and punitive damages of $50,000, without making specific findings of fact as to the bad faith conduct under OCGA § 13-6-11, OCGA § 9-15-14 (b) lack of substantial justification on the new claim, or OCGA § 51-12-5.1 aggravated conduct for punitive damages.

Clearly, the trial court abused its discretion in placing the case on the trial calendar within the discovery period without sufficient justification and reasonable written notice to the parties, by denying the motion for continuance to complete discovery, by allowing the trial over objection of a new claim asserted by amendment at trial, by erring in its award of punitive damages, and by awarding attorney fees.

Uniform Superior Court Rule 5.1 provides that the parties have six months from the filing of the answer to complete discovery; however, "[a]t any time, the court, in its discretion, may . . . shorten the time to utilize the court's compulsory process to compel discovery."[3] "[T]he court shall in all cases afford to the parties reasonable time for discovery procedures, subsequent to the date that defensive pleadings were required to be filed." OCGA § 9-11-40 (a); *Partain v. Mayor &c. of Royston*, 246 Ga. 297, 298 (271 SE2d 201) (1980). This case raised complex factual issues as to the defense and showed conflict as to material fact as to plaintiff's claims so that the need for discovery was manifest upon the face of the pleadings with the resulting harm apparent. See *Baker v. Housing Auth. of Savannah*, 152 Ga. App. 64, 66-67 (7) (262 SE2d 183) (1979) (the party must show that denial of discovery caused harm and would benefit the party). While the trial court has broad discretion to limit the time of discovery, arbitrary and capricious exercise of such discretion should be reversed as an abuse of discretion. *Partain v. Mayor &c. of Royston*, supra. Trial after only four months, 120 days, where a party is unrepresented during a substantial portion of this time, to complete discovery does not automatically constitute an abuse of discovery; however, trial after only seventy-one days without an adequate reason may constitute an abuse of discretion where there exists no valid justification for expedited trial. Defense counsel's motion for continuance at the commencement of trial, coupled with the objection to trial of the new claim asserted under the amendment, should be read as a renewal of the motion for continuance or exclusion from trial of the independent new claim; such objections satisfy the mandatory requirements of OCGA § 9-10-158. See *Wells v. Wells*, 118 Ga. 812, 815 (2) (45 SE 669) (1903) (surprise by amendment is grounds for continuance); *Hill v. Harris*, 11 Ga. App. 358 (2) (75 SE 518) (1912) (surprise by an amendment requires counsel to state to the court how harmed). Further, allowing trial of a newly asserted claim without allowing discovery where such new claim comprised the majority of the consequential damages awarded in the judgment, and attorney fees were

---

[3] Uniform State Court Rules state that "[t]he Uniform Rules of the Superior Courts shall be applicable in the State Courts."

awarded for the defense of accord and satisfaction for such claim for lack of substantial justification, indicated that substantial discovery issues existed. See OCGA § 9-10-158; *McFarland v. Hodge Homebuilders*, 168 Ga. App. 733 (1) (309 SE2d 853) (1983) (denial of continuance to meet new amendment not error absent harm where the defendant prevailed on the amendment claim). It was within the sound discretion of the trial court to allow or to disallow the amendment to be tried or to grant or to deny a continuance on such grounds. *Johnson v. Caldwell*, 229 Ga. 548, 552-553 (192 SE2d 900) (1972). However, in this case, the trial court abused its discretion in allowing the new claim but denying the motion for continuance to complete discovery where it should have been obvious to the trial court from the record that the defendant had no knowledge of such new issue, because service of the amendment had been made upon his former counsel, while his motion to withdraw as counsel was pending. *SurgiJet, Inc. v. Hicks*, 236 Ga. App. 80, 82 (4) (511 SE2d 194) (1999); *Hall v. Scott USA, Ltd.*, 198 Ga. App. 197, 201-202 (3) (400 SE2d 700) (1990) (a six-month continuance to complete discovery had already been granted). Further, under OCGA § 9-11-40 (b), the trial court by written order should give reasonable notice that the discovery period has been shortened and notice of imminent trial to the parties.

At trial, the trial court attempted to justify its exercise of discretion in shortening discovery and articulated reasons on the record just prior to trial when the defendant, through new counsel, renewed his oral motion for continuance, because discovery had not been completed. "This man went for three months [(from January 9 until January 24, counsel was seeking to withdraw and was putting in no additional work to perform discovery; from January 25 until February 24 the defendant was unrepresented)] without doing anything [paying his first attorney]. He's acted at his own peril." The reasons stated were: (1) "the first attorney that was retained by Mr. Lawrence filed a motion to withdraw because he was not paid. That gave me some pause for concern because for weeks [(January 25 to February 26)] after that, there was not another notice of appearance filed by another attorney." However, the defendant had new counsel request a continuance at trial. Second,

> [g]iven what was presented to me in the prejudgment writ of possession affidavit, given the mobile nature of the assets that allegedly [(the trial court granted immediate seizure)], according to the pleadings, belong to the plaintiff, I felt that it was incumbent upon me to expedite these proceedings to make sure that the plaintiff was not deprived of any assets which may or may not rightfully belong to it.

The record contains an affidavit in support of the writ of prejudgment possession that was granted and that "Defendant has in the past, during repossession attempts of the property, attempted to conceal the property and has misrepresented the location of said property. The property is a wheeled vehicle and is easily movable." These statements are not facts but mere opinions and conclusions to influence the trial court and which fail to state facts mandated under OCGA § 9-11-56 (e) as to affidavits. *McPherson v. McPherson*, 238 Ga. 271 (232 SE2d 552) (1977) (codification of common-law requirements as to all affidavits); *Dews v. Ratterree*, 246 Ga. App. 324, 325-326 (540 SE2d 250) (2000) (opinions and conclusions in affidavit must be excluded because not admissible in evidence); *Oglesby v. Farmers Mut. Exchange*, 128 Ga. App. 387, 389 (5) (196 SE2d 674) (1973) (noncomplying affidavits must be disregarded by trial court).

> I expedited that process [(no written order or notice)] when Mr. Lawrence, in my opinion, just didn't take this seriously, number one, by not paying the attorney that first filed an entry of appearance and that I let withdraw, and number two, by not hiring another attorney expeditiously [(it took defendant 31 days)] so that an attorney could file an entry of appearance and get started in the discovery process.

However, defense counsel appeared before the trial court 32 days after the trial court granted leave to former counsel to withdraw.

At the call of the case, which had been filed only 101 days, the defendant had counsel who objected to trial being rushed without discovery and requested a continuance to do discovery on complex issues of the nature of transaction, i.e., a usurious loan disguised as a sale, resale and rental with option to purchase, conversion, and punitive damages. Thus, the first reason for the expedited trial had been satisfied by the defendant, i.e., new defense counsel. The second reason was that the assets could be moved; however, within six days of the filing of the suit and based upon the defective affidavit, the plaintiff had recovered possession of the recreational trailer by a prejudgment seizure conducted by the sheriff. The claim for recovery of the truck was asserted by amendment filed on the day of trial, although plaintiff claimed to have served the defendant's former counsel 40 days prior to trial, according to the certificate of service upon the attorney the trial court had allowed to withdraw. But more importantly, the plaintiff felt safe enough regarding the truck that it delayed asserting its new claim for the truck until nearly three months after filing suit. The record reveals that the amendment was served on former counsel, which should have raised in the trial court's mind the question of actual notice to the defendant and more

importantly the opportunity to prepare a defense to the complex issues raised in the amendment, which was the largest portion of the actual damages awarded. Thus, it is highly questionable whether the defendant had actual notice of the amendment prior to trial. Where proper notice has been given, three weeks notice may be deemed adequate in the discretion of the trial court. *Central Truckaway System v. Harrigan*, 79 Ga. App. 117, 129 (8) (53 SE2d 186) (1949) (defendant upon a deposition taken for use in evidence three weeks prior to trial learned of the new injuries raised in the amendment during trial). However, in this case, the trial court made no inquiry as to actual notice and ordered the courtesy copy served on the court be filed without inquiry as to whether the defendant had actually received notice of the amendment. Plaintiff's amended claim for purchase of a truck from the defendant for $30,750 with a resale, rental, and right to repurchase by the defendant constitutes a very peculiar transaction, giving credence to the defendant's contention that the sales and lease arrangement were shams to conceal usurious loans. Further, when the new, unprepared defense counsel sought to assert the defense of accord and satisfaction with inadequate evidence, the trial court imposed sanctions under OCGA § 9-15-14 (b) as made without substantial justification, evidence of which the trial court prevented by cutting short the discovery period.

In general, the statements of the trial judge evidenced a prejudice against the defendant for not paying his first counsel or quickly getting new counsel so that the trial court rushed the case to trial while the defendant was a pro se. The reasons given for the exercise of discretion to expedite trial fail to justify the expedited trial and constitute an abuse, because the reasons were without substance in reality; to cut short the normal discovery period, the trial court should do so by written order given prior to calendering the case; in the written order, the trial court should articulate the sound reasons for shortening the discovery period and expediting trial ahead of other older cases. OCGA § 9-11-40 (b). In this case, the trial court's actions in shortening discovery, rushing the case to bench trial, and denying a continuance should constitute arbitrary and capricious conduct. See *SurgiJet, Inc. v. Hicks*, supra at 82.

(a) On April 2, 2000, Lawrence executed a note which stated that it was for $5,500 to Direct Mortgage Lenders Corporation due in full on May 12, 2000, with a 1999 Hyline Travel Trailer as security. The note provided for no interest amount on its face. The cashier's check, which the plaintiff's testimony claimed was the purchase price of the trailer, showed on its face that these funds were "LOAN PROCEEDS." On August 21, 2000, title to the camper was recorded in the plaintiff's name, although it was claimed to have been purchased on April 12, 2000, from Mrs. Lawrence and sold back to the defendant

on a lease purchase. However, Paul D'Agnese, president of the plaintiff, testified that the plaintiff bought the trailer from Mrs. Lawrence for $5,000 on April 2, 2000, and then leased/rented the trailer to the defendant for $500 per month with the option to repurchase the trailer, and that the defendant bought the trailer back for $5,500 evidenced by the note. Plaintiff claims title to the camper trailer through a purchase from the defendant's wife with a lease purchase option in the defendant, while the defendant claims that the plaintiff was given the title as security for a loan. Thus, at the time an action for trover or conversion is brought, plaintiff must show title, actual possession, or right of immediate possession, and in this case, mixed questions of law and fact exist as to who owned the property and whether the plaintiff was entitled to a prejudgment seizure of it. See *Livingston v. Epsten-Roberts Co.*, 50 Ga. App. 25, 27-30 (1), (2) (177 SE 79) (1934). How can a purchaser of personalty convert what the purchaser has a legal right to possess and has given consideration for the purchase of as evidenced by the note, even on a conditional sale; if the conditional sales title remains in the seller, then how did the prejudgment repossession and sale act as an election of damages? If the oral contract was a lease with an option to buy, then what was the purchase note for and can there be a conversion? See generally OCGA §§ 44-12-150; 44-12-151; 44-12-152; 44-12-154; *Mallary Bros. & Co. v. Moon*, 130 Ga. 591, 594 (1) (61 SE 401) (1908) (conditional sales contract where levies and sells the property is not entitled to elect to take a money verdict); *Graham v. Frazier*, 82 Ga. App. 185, 195-196 (4) (60 SE2d 833) (1950) (plaintiff can either recover the property or recover damages for conversion). Plaintiff claimed $1,500 in unpaid rent on this trailer as a lease purchase agreement; however, there was no written agreement in evidence.

On November 15, 1999, defendant is alleged to have sold a house in Alabama and a 1999 Ford truck to the plaintiff for $30,000 and executed a lease with the option to repurchase with rent of $750 per month; however, there was no written lease regarding the purchase of land by the plaintiff required by the statute of frauds. OCGA § 13-5-30 (4). The title certificate showed that on February 19, 1999, the defendant purchased the Ford truck, that a replacement certificate of title was issued on July 31, 2000, and the plaintiff was the first lienholder. On July 19, 2000, the defendant gave a check to pay off the balance, plus a month's rent; however, the check bounced. Plaintiff in its amended complaint sued for the bad check.

It is well-established law that

> where parties have reduced to writing what appears to be a
> complete and certain agreement, it will, in the absence of
> fraud, accident, or mistake, be conclusively presumed that

the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements can not be allowed to add to, take from, or vary the written instrument.

*Albany Fed. Sav. &c. Assn. v. Henderson,* 198 Ga. 116, 143 (6) (31 SE2d 20) (1944); see also OCGA § 24-6-1; *Schluter v. Perrie, Buker, Stagg &c.,* 230 Ga. App. 776, 777 (1) (498 SE2d 543) (1998). However, there is no single document which evidences what either party testified was the agreement expressing the intent of the parties, because unwritten portions of a written contract may be established by parol evidence where the writing appears to be an incomplete contract and the parol evidence is consistent with the written instrument. OCGA § 24-6-2; *Harden v. Orr,* 219 Ga. 54, 56 (131 SE2d 545) (1963); *Choice Hotels Intl. v. Ocmulgee Fields,* 222 Ga. App. 185, 186-187 (1) (474 SE2d 56) (1996). Where there exist material issues of fact as to the terms and conditions of the contract, which are not all contained in the written instrument, or where an ambiguity in the written terms exists, parol evidence is admissible to explain the intent of the parties. In this case, neither party agrees on what the terms of the contract were, and each party made contentions as to the terms that make the intent of the parties in direct conflict.

(b) (1) "[P]unitive damages must be specifically prayed for in [the] complaint," which must be more than a mere prayer for punitive damages in the ad damnum. OCGA § 51-12-5.1 (d) (1); *Drug Emporium v. Peaks,* 227 Ga. App. 121, 128-129 (2) (488 SE2d 500) (1997). "We cannot affirm an award of punitive damages in which the trial court declined to follow the procedures and standards now required by OCGA § 51-12-5.1, awarded punitive damages against [the defendant] to a party who did not pray for them." Id. at 124 (2). "[The plaintiff] is not entitled to punitive damages because the complaint's prayer for relief contain[ed] no specific prayer for punitive damages (OCGA § 51-12-5.1 (d) (1)) on his behalf from [the defendant]." Id. at 126 (2) (b). The complaint must set forth a claim for punitive damages as well as the aggravating circumstances which authorize such damages. Id. at 127-128. Thus, the complaint must set forth facts that bring the claim within the aggravating circumstances authorized by statute, i.e., "willful misconduct, malice, fraud, wantonness, oppression, or that . . . want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b); *Drug Emporium v. Peaks,* supra at 129. In this case, punitive damages were not properly pled nor prayed for in the complaint, which is an amendable defect prior to retrial.

(2) The trial court in the findings of fact must set forth specifically what has been found to constitute the statutory grounds of spe-

cific aggravating factors and also set forth the aggravating circumstances, demonstrating the evidence satisfied the standard of clear and convincing evidence. OCGA § 51-12-5.1 (d) (1); *Hill v. Johnson*, 210 Ga. App. 824, 825 (437 SE2d 801) (1993); *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653, 656 (3) (402 SE2d 753) (1991). The trial court held that the "Defendant's actions constituted wilful conversion." The trial court found that the defendant converted something but does not specifically find that it was the trailer or the truck as the aggravating conduct. The complaint sets forth that the trailer was converted; however, the plaintiff recovered the trailer by prejudgment writ of possession while in possession as a tenant owing rent, which the plaintiff recovered a judgment for past due rent. "[T]he judgment reveals on its face that the trier of fact failed to make a specific finding that punitive damages were awardable here . . . to set a specific amount in accordance with the mandate of OCGA § 51-12-5.1 (d) (2). Both of these defects render the judgment violative of OCGA § 51-12-5.1 (d)," requiring reversal. *Chrysler Credit Corp. v. Brown*, supra at 656 (3). In this case, the findings of fact failed to specifically state what conduct was wilful, wanton, and performed with the specific intent to cause harm to the plaintiff, rendering defendant liable for damages under OCGA § 51-12-5.1. Id. at 656-657.

(c) The trial court found a lack of substantial justification for the defense of accord and satisfaction under OCGA § 9-15-14 (b) and bad faith under OCGA § 13-6-11, which both authorize the award of attorney fees and costs of litigation. However, the record is void of evidence to support that $1,800 in attorney fees is either reasonable or related to issues authorizing such award. There were no time sheets for plaintiff's counsel itemizing what work was related to defendant's defense of accord and satisfaction or to bad faith; nor was a bill introduced showing what work was done. D'Agnese never testified regarding the plaintiff's attorney fees incurred. However, plaintiff's counsel testified in his place that he billed at $225 per hour and had spent eight hours on the case, giving a breakdown of two hours consulting with his client prior to suit; one and a half hours to draft the suit; trial four hours and twenty minutes; and travel time one hour. These legal services were unrelated to the factors authorizing such award, except some unidentified portion of trial time. Significantly, plaintiff's counsel failed to specify what time he spent at trial or in preparation to deal with the defendant's defenses that lacked substantial justification, what defense conduct in the transaction constituted bad faith causing expenses of litigation, or that the attorney fees were reasonable.

The award of attorney fees under OCGA § 9-15-14 (b) is discretionary with the trial court; therefore, the any evidence and abuse of

discretion standard of review applies. *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987); *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App. 776, 778 (3) (406 SE2d 121) (1991). The findings of fact found that the award of attorney fees was authorized. *Porter v. Felker*, 261 Ga. 421, 422 (2) (405 SE2d 31) (1991). However, in this case, plaintiff failed to present the necessary evidence to demonstrate what attorney fees were related to the defendant's improper conduct, as opposed to cost of conducting the entire litigation in general as testified to by plaintiff's counsel; therefore, the trial court abused its discretion in awarding attorney fees on the evidence in this record, which failed to show what attorney fees were attributable to the sanctioned conduct of the defendant. *Hallman v. Emory Univ.*, 225 Ga. App. 247, 252-253 (4) (483 SE2d 362) (1997) (physical precedent only); *Duncan v. Cropsey*, 210 Ga. App. 814, 815-816 (2) (437 SE2d 787) (1993). When a judgment awards expenses of litigation and attorney fees under this Code section, the trial court must make findings of fact that such attorney fees or expenses were related to such conduct and authorized as a consequence of such conduct or such portion of the judgment must be struck. *Wyatt v. Hertz Claim Mgmt. Corp.*, 236 Ga. App. 292, 293-294 (2) (511 SE2d 630) (1999).

When expenses of litigation are awarded to the plaintiff under OCGA § 13-6-11 for bad faith of the defendant in the transaction, plaintiff's counsel must show by competent evidence that the attorney fees and expenses were related to the prevailing claim, that the expenses of litigation were caused by such conduct, that the expenses and attorney fees were reasonable, and that the fees were apportioned between the claims asserted and the claim authorizing such award. *R. T. Patterson Funeral Home v. Head*, 215 Ga. App. 578, 585-586 (5) (451 SE2d 812) (1994). Only attorney fees allocable to efforts to establish liability as to the claim in which defendant engaged in bad faith are recoverable under such statute under such factor. *Fuller v. Moister*, 248 Ga. 287, 288 (282 SE2d 889) (1981); *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402-403 (1) (433 SE2d 606) (1993). Plaintiff must prove the actual costs of litigation and the reasonableness of the costs. *Crosby v. DeMeyer*, 229 Ga. App. 672, 674 (2) (494 SE2d 568) (1997). Where, as here, plaintiff's counsel testifies about the hours worked, the amount per hour, and what the work was for but failed to testify that the attorney fees were reasonable, such attorney fees are not recoverable. See *Hughes v. Great Southern Midway*, 265 Ga. 94, 95-96 (1) (454 SE2d 130) (1995); *Cannon Air Transport Svcs. v. Stevens Aviation*, 249 Ga. App. 514, 519 (6) (548 SE2d 485) (2001); *Evans Toyota v. Cronic*, 233 Ga. App. 318, 321-322 (2) (503 SE2d 358) (1998).

I am authorized to state that Judge Phipps joins in this dissent.

DECIDED MARCH 29, 2002 — 

*Alexander P. LeVorse*, for appellant.
*George L. Kimel, S. Robert Hahn, Jr.*, for appellee.